UNITED STATES EX REL. MENSEVICH *v.* TOD, COMMISSIONER OF IMMIGRATION AT THE PORT OF NEW YORK.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 148. Argued January 2, 1924.—Decided February 18, 1924.

1. An appeal brought here properly upon a constitutional proposition which is subsequently denied in another case, will not be dismissed for that reason, but other questions raised will be considered. P. 135.
2. In the provision of the Immigration Act, § 20, for the deportation of aliens to the country whence they came, " country " means the

State which, at the time of deportation, includes the place from which an alien came. P. 136.

3. The validity of a detention questioned by a petition for *habeas corpus* is to be determined by the condition existing at the time of the final decision thereon. *Id.*

Affirmed.

APPEAL from an order of the District Court dismissing a petition for *habeas corpus.*

*Mr. Walter Nelles,* with whom *Mr. Isaac Shorr* was on the briefs, for appellant.

*Mr. Solicitor General Beck* and *Mr. George Ross Hull,* Special Assistant to the Attorney General, appeared for appellee.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

In 1911 Mensevich emigrated from Russia to the United States. In 1921 he was arrested in deportation proceedings, as an alien in this country in violation of law. Act of October 16, 1918, c. 186, §§ 1 and 2, 40 Stat. 1012, as amended June 5, 1920, c. 251, 41 Stat. 1008. After a hearing, the warrant for deportation issued. Then this petition for a writ of *habeas corpus* was brought in the federal court. It was dismissed without opinion; the relator was remanded to the custody of the Commissioner of Immigration for the Port of New York; and a stay was granted, pending this appeal. The case is here under § 238 of the Judicial Code, the claim being that Mensevich was denied rights guaranteed by the Federal Constitution.

The Government moved under Rule 6 of this Court to dismiss, insisting that the appeal does not present a substantial question. Consideration of the motion was postponed until the hearing on the merits. The grounds on which the detention was challenged in the petition are the same as those which were held to be unsound in

*United States ex rel. Bilokumsky* v. *Tod*, 263 U. S. 149. That decision was not rendered until after this appeal was taken. The motion to dismiss is, therefore, denied. *Sugarman* v. *United States*, 249 U. S. 182, 183. In the traverse to the return the legality of the detention is challenged on a further ground. That ground would not have entitled the relator to bring the case here by appeal. For the only substantial question thus presented is one of the construction of a statute. But since the case is properly here this objection must be considered. Compare *Zucht* v. *King*, 260 U. S. 174, 176, 177.

The Immigration Act, February 5, 1917, c. 29, § 20, 39 Stat. 874, 890, provides that the deportation of aliens " shall, at the option of the Secretary of Labor, be to the country whence they came or to the foreign port at which such aliens embarked for the United States." Mensevich was ordered deported " to Poland, the country whence he came." He insists that the warrant for deportation is illegal, because prior to his emigration to the United States he had been a resident of Tychny, in the Province of Grodno, then a part of Russia; that, at the time the warrant for deportation issued, Grodno had not been recognized by the United States as a part of Poland; and hence, that it should have been treated by the Secretary of Labor as being still a part of Russia. The facts are that, when the warrant for deportation issued and when the judgment below was entered, Grodno was occupied and administered by Poland; that there was then a dispute between Poland and the Soviet Republic concerning the boundary line between them; and that the United States, while officially recognizing Poland, had not recognized Grodno as being either within or without its boundaries.

The term country is used in § 20 to designate, in general terms, the state which, at the time of deportation, includes the place from which the alien came. Whether

territory occupied and administered by a country, but not officially recognized as being a part of it, is to be deemed a part for the purposes of this section, we have no occasion to consider. For, since the entry of the judgment below, the Treaty of Riga has so defined the eastern boundary of Poland as to include Grodno; and the United States has officially recognized this boundary line. Grodno is now confessedly a part of Poland. The validity of a detention questioned by a petition for *habeas corpus* is to be determined by the condition existing at the time of the final decision thereon. *Stallings* v. *Splain*, 253 U. S. 339, 343. Deportation to Poland is now legal.

*Affirmed.*