**WENGLINSKY v. ZURBRICK, District Director of Immigration.**
**No. 5424.**

Circuit Court of Appeals, Sixth Circuit.
March 14, 1930.

986

Leonard S. Coyne, of Detroit, Mich., for appellant.

Donald B. Frederick, of Detroit, Mich., for appellee.

Before MOORMAN and HICKS, Circuit Judges, and ANDERSON, District Judge.

ANDERSON, District Judge.

This is an appeal from an order denying a writ of habeas corpus. The appellant is an alien prostitute who entered the United States from Odessa, Russia, in 1913. In 1915 she married Wenglinsky, who came from a part of Russia ceded to the Republic of Poland by the Treaty of Riga. Wenglinsky is now a citizen of Poland, and if deportation were ordered against him, he could be sent to Poland. Mensevich v. Tod, 264 U. S. 135, 44 S. Ct. 282, 68 L. Ed. 591.

The legality of the order of deportation is attacked because it orders appellant deported "to her home in Poland," whereas, according to her contention, section 20 of the Immigration Act of 1917 (8 USCA § 156) merely grants the Secretary of Labor the option to deport her either to the country whence she came, or to the foreign port at which she embarked for the United States. The order of deportation to Poland was because this country has no diplomatic relations with Russia and no means or way of enforcing an order of deportation to that country.

Section 20 of the Immigration Act of 1917 (8 USCA § 156) reads as follows:

"The deportation of aliens provided for in this subchapter shall, at the option of the Secretary of Labor, be to the country whence they came or to the foreign port at which such aliens embarked for the United States; or, if such embarkation was for foreign contiguous territory, to the foreign port at which they embarked for such territory; or, if such aliens entered foreign contiguous territory from the United States and later entered the United States, or if such aliens are held by the country from which they entered the United States not to be subjects or citizens of such country, and such country refuses to permit their reentry, or imposes any condition upon permitting reentry, then to the country of which such aliens are subjects or citizens, or to the country in which they resided prior to

entering the country from which they entered the United States."

It is the contention of the appellant that the latter part of the section refers only to aliens entering from foreign contiguous territory.

The meaning of this statute, it seems to us, is that if an alien is held by the country from which he enters the United States, not to be a subject or citizen of such country, and such country refuses to permit his re-entry, or imposes any conditions upon permitting re-entry, then he may be deported to the country of which he is a subject or citizen. The statute gives to the Secretary of Labor an optional power in effectuating its purpose, United States ex rel. Karamian v. Curran (C. C. A.) 16 F.(2d) 958; and obviously the appellant may be deported to the country of which she is a subject or citizen or to the country in which she resided prior to entering the country from which she entered the United States. Since in this case there was no country in which she resided before she entered Russia, the latter part of the option is merely inapplicable and inoperative and the first part of the option is effective. The country of her citizenship is Poland through her marriage to Wenglinsky.

The order of the court below is affirmed.