## LAUGHLIN v. CUMMINGS, U. S. Atty. Gen. et al.

### No. 7278.

United States Court of Appeals for the District of Columbia.

Decided April 10, 1939.

James J. Laughlin, of Washington, D. C., in pro. per.

David A. Pine, U. S. Atty., Wm. S. Tarver, Asst. U. S. Atty., and Dan M. Jackson and A. E. Gottshall, of the Department of Justice, all of Washington, D. C., and James P. O'Brien, Sp. Asst. to the Atty. Gen., for appellees.

Before STEPHENS, EDGERTON, and VINSON, Associate Justices.

VINSON, Associate Justice.

Appellant is an attorney at law and a member of the bar of the United States District Court for the District of Columbia and this court, and also the District Court of the United States for the Northern District of Georgia and the United States Circuit Court of Appeals for the Fifth Judicial Circuit. He filed a bill for an injunction in the United States District Court for the District of Columbia to restrain the Attorney General of the United States and the Director of the United States Bureau of Prisons from directing or permitting the Warden of Atlanta Penitentiary, at Atlanta, Georgia, to enforce rules and regulations allegedly theretofore promulgated by the Attorney General and Director, under which rules and regulations the Warden allegedly refused appellant the right to confer with one named client, in connection with a habeas corpus suit then pending in the District Court for the Northern District of Georgia, and several unnamed clients, all inmates of that penitentiary. Appellant's bill prayed that the Attorney General and Director be ordered to direct the Warden to cease from further enforcement of the rules aforesaid, and to cease from further interference between counsel and client.

A rule to show cause was issued by the district court against the Attorney General and the Director, to which answer was filed, alleging that the bill failed to state a cause of action because of lack of jurisdiction of the district court over the Warden of Atlanta Penitentiary, a non-resident; because the bill failed to cite the alleged rules and regulations; and, because the damages set forth by the bill were purely speculative, prospective and remote, and hence there was no substantial controversy between the parties which was essential before the district court could take jurisdiction.

The district court, upon consideration of the bill and answer, determined that it had no jurisdiction to entertain the cause and dismissed the bill and discharged the rule to show cause. Whereupon this appeal was taken.

Appellant contends that jurisdiction attached in this cause. He bases his contention upon the action of the judge of the district court in reading the complaint filed by the appellant and in signing the rule to show cause. It is his theory that the taking of this initial step in the determination of the matter caused jurisdiction to attach, and that thereafter it could not be determined that there was no jurisdiction. We think there is no substance in this contention. Lack of jurisdiction may be raised at any time. Whenever it affirmatively appears that the jurisdiction fails, the objection may be raised by the parties or the court itself.[1]

The bill and answer definitely raised the question of jurisdiction. Appellant's client had been regularly convicted in this jurisdiction, and this conviction affirmed.[2] Certiorari was denied.[3] Because of the conviction, the prisoner was transferred to the penitentiary at Atlanta, Georgia, by the Attorney General of the United States.[4] The bill shows on its face that the Warden of Atlanta Penitentiary, a resident of Georgia, is in immediate control of the prisoner.[5] This control was recognized by appellant in the habeas corpus proceeding brought against the Warden in the Northern District of Georgia to test the legality of the prisoner's incarceration.[6] The lawful place of confinement is therefore Georgia. The courts of the district have no jurisdiction over the ac-

---

[1] Mansfield, C. & L. M. Rwy. Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462; Perez v. Fernandez, 202 U.S. 80, 26 S.Ct. 561, 50 L.Ed. 942; Chicago, B. & Q. R. Co. v. Willard, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521; United States v. Corrick, 298 U.S. 435, 440, 56 S.Ct. 829, 80 L.Ed. 1263. We said in Southland Industries, Inc., v. F. C. C., 69 App.D.C. 82, 99 F.2d 117, 118: "While no motion to dismiss the appeal has been made, the court must consider the question and if it has no jurisdiction must dismiss the appeal sua sponte."

[2] Beard v. United States, 65 App.D.C. 231, 82 F.2d 837.

[3] Beard v. United States, 298 U.S. 655, 56 S.Ct. 675, 80 L.Ed. 1382.

[4] 18 U.S.C.A. § 753f.

[5] 18 U.S.C.A. § 693.

[6] Beard v. Sanford, 5 Cir., 99 F.2d 750, Certiorari denied Mar. 27, 1939, 59 S. Ct. 644, 83 L.Ed. ——.

tion of the Warden in his conduct with counsel representing inmates, nor jurisdiction over the custody and control of prisoners located there. McGowan v. Moody, 22 App.D.C. 148; Cf. Sanders v. Allen, 69 App.D.C. 307, 100 F.2d 717.

■ The allegations of the bill and the prayers thereof show clearly that appellant is seeking to control the action of the Warden in limiting counsel's right to hold communication with prisoners under his charge and control, rather than testing the legality of the rules and regulations under which the Warden acts.

■ The bill does not charge that the rules and regulations, promulgated by the Attorney General,[7] under which the Warden is alleged to have acted, were in any manner unreasonable, arbitrary, or capricious. The rules and regulations attacked do not appear in the bill. In their absence from the record, there is nothing upon which a court, district or appellate, can base a determination that the rights of either the inmate or his attorney have been abused in their promulgation or execution. While opportunity to consult counsel must be preserved, it is clear that an inmate of a penal institution is not to be allowed untrammelled intercourse with the outside world,[8] and that the rights of his attorney to that extent are similarly limited. There is a strong presumption that public officers exercise their duties in accordance with law. Injunction will not issue to restrain official conduct without a clear showing of an abuse of lawful duty or wrongful usurpation of power. There is nothing in the record tending to overcome this presumption. The bill does not show that the rights of the inmate to have legal representation, or the rights of appellant to serve as his counsel and to confer with him at reasonable times have been in any manner wrongfully curbed by the acts of the appellees.

The order of the district court is affirmed.

EDGERTON, Associate Justice, concurs in the result.

---

7 18 U.S.C.A. § 741.

[8] The record discloses that the prisoner conferred with one lawyer 17 times between April 27, 1936 and May 21, 1938. He conferred with another lawyer six times between June 18, 1937 and April 16, 1938. The appellant and the last mentioned lawyer conferred with the prisoner 13 times between May 4, 1938 and August 26, 1938. The conferences averaged one hour each.