**SANDERS v. JOHNSTON, Warden.**

**No. 11323.**

Circuit Court of Appeals, Ninth Circuit.

Jan. 7, 1947.

Rehearing Denied Feb. 4, 1947.

DENMAN, Circuit Judge, dissenting.

———◆———

Hilliard Sanders, in pro. per.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before DENMAN, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

Appellant, an inmate of Alcatraz prison, sued to enjoin the warden from interfering with his use of the mails to write his attorney. The warden moved for a dismissal for failure of the bill to state facts entitling the complainant to relief. The appeal is from a judgment of dismissal responsive to the motion.

The pleading alleged that complainant has certain actions pending in the District of Columbia and in Georgia in which he is represented by one Laughlin, a member of the bar. On December 5, 1945, he placed a letter in the regular mail depository addressed to Laughlin, and the letter was returned by the warden with a notice that all of complainant's mailing privileges were suspended. In an amendment it was alleged that on December 13, 1945, complainant was notified that his mailing rights had been restored, but that four days later another letter to Laughlin was rejected and returned by the warden. Neither letter is set out in the complaint nor is the nature or substance thereof stated.

Counsel for the warden insists that under the provisions of 18 U.S.C.A. § 753a, the restriction of mailing privileges of prison inmates involves the exercise of administrative discretion with which the courts have no authority to interfere. So far as pertinent the statute reads: "The Bureau of Prisons shall have charge of the management and regulation of all Federal penal and correctional institutions and be responsible for the safe-keeping, care, protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States * * *."

■ We need not inquire what if any authority the courts have in the premises. The complaint was properly dismissed for failure to state facts sufficient to entitle appellant to relief. The contents of the letters may have involved a gross breach of prison discipline—may, indeed, have been wholly unrelated to the cases in which Laughlin was acting as appellant's counsel; and in the absence of allegations showing the contrary we are obliged to assume that such was the case. Laughlin v. Cummings, 70 App.D.C. 192, 105 F.2d 71.

Affirmed.

DENMAN, Circuit Judge (dissenting).

I think the judgment in this case should be reversed. The court's disposition invites another petition for the writ in a district court in which in the fiscal year 1946 seventy-two of such petitions were filed—that is 14 for each of the five overburdened district judges.

As stated in Holiday v. Johnston, 313 U. S. 342, 350, 61 S.Ct. 1015, 1017, 85 L.Ed. 1392, "A petition for [a writ of] habeas corpus ought not to be scrutinized with technical nicety. *Even if it is insufficient in substance it may be amended in the interest of justice.*" (Emphasis supplied.)

The allegation of the petition below may properly be construed to the effect that the petitioner's letter to his attorney is with respect to the pending litigation alleged in his petition. There is no presumption that such a letter contains material which "*may*

have involved a gross breach of prison discipline." That is a matter for a defensive answer. In any event, under the statement of Holiday v. Johnston, supra, amendment should be allowed if the attempt to connect the letter pleaded with the litigation pleaded "Is insufficient in substance."

Indeed, this being an appeal in a proceeding in equity, summary in character, United States ex rel. Mensevich v. Tod, 264 U.S. 134, 136, 44 S.Ct. 282, 68 L.Ed. 591; Storti v. Massachusetts, 183 U.S. 138, 143, 22 S. Ct. 72, 46 L.Ed. 120, we should make an end of the litigation by requiring an amendment here if we were to deem it necessary. In view of the conduct of the warden and his opposing litigant, both below and here, in treating the petition as presenting solely the question of the power of the court to grant relief, amendment is not required.

The record shows that in the district court both the prisoner and the warden tried the case on the assumption that the petition for the writ otherwise stated a ground for its issuance and briefed and submitted the motion to dismiss as presenting the sole issue of the power of the court to grant any injunction for an alleged abuse of the warden in his prison administration.

The reductio ad absurdum of the warden's contention is that a prisoner may be hung up by his thumbs for a week for an infraction of prison discipline and yet the court could not enjoin such a cruel and unusual punishment, forbidden by the Eighth Amendment. This although 8 U. S.C.A. § 43 provides for a civil action in equity for the deprivation of constitutional rights. In this appeal we have the question of the deprivation without the due process of the Fifth Amendment of appellant's property rights in his litigation in which he is refused communication with his attorney.

The sole authority for this extraordinary contention cited to the court below is our opinion in Snow v. Roche, 9 Cir., 143 F.2d 718, 720. On the contrary, that case holds no more than that the writ of habeas corpus is not the *proper remedy* for one complaining of "Unnecessarily harsh and

* * * painful and injurious" treatment.

On appeal here the warden's sole contention is, as below, that "It is well settled that it is not the function of the Courts to superintend the treatment and discipline of prisoners in penitentiaries but only to deliver from imprisonment those who are illegally confined."

The warden cites Platek v. Aderhold, 5 Cir., 73 F.2d 173 which, contrary to the contention that the warden may deprive appellant of his property in his law suits, states at page 175, "The equitable remedy of injunction is not available touching good time deductions, for equity does not meddle with matters of criminal law *unless property rights are to be protected* * * * ." (Emphasis supplied.)

In Kelly v. Dowd, 7 Cir., 140 F.2d 81, also cited by the warden, the court states, contrary to the warden's contention, at page 83 " * * * Whether a state warden, in keeping and caring for prisoners of the commonwealth, has adopted regulations or performed acts which result in unreasonable discrimination against an inmate or take from him the right not to be subjected to indignities or deprive him of what prisoners are permitted to enjoy under the statutes, are *questions peculiarly fit to be determined in the first instance by the courts of the state."* (Emphasis supplied.)

There the writ was refused not because the court had no power to control wrongful acts of the warden, but for other reasons. Obviously, if the state courts have such power over state wardens, the federal courts have the same power over federal wardens.

In the recent case of Fleming v. Tate, 156 F.2d 848, 850, the court of appeals for the District of Columbia held the prisoner entitled to the writ of habeas corpus to require his appearance before his parole board at a hearing on the question of the revocation of his parole. It was based upon the wrongful conduct of the board in not allowing the parolee counsel on a hearing to revoke his parole.

The same court recognized the right of a prisoner to the writ of injunction to pre-

vent a warden from interfering with the right of an attorney to visit his prisoner client. Laughlin v. Bennett, 79 U.S.App. D.C. 67, 147 F.2d 159. In refusing the writ of injunction Judge Vinson's opinion in Laughlin v Cummings, 70 App.D.C. 192, 105 F.2d 71, 73, states " * * * There is a strong presumption that public officers exercise their duties in accordance with law. Injunction will not issue to restrain official conduct without a *clear showing of an abuse of lawful duty or wrongful usurpation of power*. There is nothing in the record tending to overcome this presumption. The bill does not show that the rights of the inmate to have legal representation, or the rights of appellant to serve as his counsel and to confer with him at reasonable times have been in any manner wrongfully curbed by the acts of the appellees." (Emphasis supplied.)

Here the petition, as treated by the parties, presented the question of the deprivation of petitioner's rights. The decision of the district court should be reversed.