**WASHINGTON et al. v. CLARK et al.**
Civ. A. No. 885-49.

United States District Court
District of Columbia.
June 28, 1949.

Howard C. Woods, of the Department of Justice, and George Morris Fay, United States Attorney, and Ross O'Donoghue, Assistant United States Attorney, of Washington, D. C., for the defendants, for the motion.

O. John Rogge and Murray A. Gordon, of New York City, for the plaintiffs, opposed.

HOLTZOFF, District Judge.

█ Over a century ago the Supreme Court of the United States remarked in a celebrated case that for the courts to endeavor to control the day-to-day administration of the Executive branch of the Government would be a source of serious mischief. The expediency, the desirability, and the policy of the President's Loyalty Order may not be reviewed by the Court. The only question that this Court may consider is whether it is violative of the Constitution or the laws of the United States.

The attack on the President's Loyalty Order, the purpose of which is to establish a procedure for eliminating from the Government service those members of the personnel who are found to be either disloyal or bad security risks, may be divided into two aspects, one substantive and the other procedural.

From the substantive point of view, the order is attacked as violative of the First Amendment to the Constitution of the United States, which prohibits the Congress from infringing upon freedom of speech. The First Amendment safeguards one of the basic and fundamental rights of a citizen of the United States. No one would want to see it whittled away in any manner, least of all this Court.

█ The question presented here, however, is not whether a citizen of the United

States or any inhabitant of the United States has his freedom of speech infringed by the President's Loyalty Order. The question is whether the President's Loyalty Order interferes with the rights of Government employees as such. The Government has a perfect right to pick and choose its own employees, and it would have a perfect right, if it saw fit to do so, to get rid of them for making utterances, which they have a right to make under the Constitution. The Government may not imprison a person for making various utterances, but it may, if it sees fit to do so, dismiss a Government employee who makes such utterances. As was said many years ago by Mr. Justice Holmes, a great champion of personal rights, in McAuliffe v. The Mayor and Aldermen of New Bedford, 155 Mass. 216, 29 N.E. 517, where a policeman who had been discharged from the service for improper utterances sought reinstatement:

"The petitioner may have a constitutional right to talk politics, but he has no constitutional right to be a policeman."

It seems to the Court that it is limited, and its course is charted, by the decision of the Court of Appeals in Friedman v. Schwellenbach, 81 U.S.App.D.C. 365, 159 F.2d 22, 24. This case is binding upon this Court. There Mr. Justice Miller, speaking for a unanimous bench, said:

"The United States has the right to employ such persons as it deems necessary to aid in carrying on the public business. It has the right to prescribe the qualifications of its employees and to attach conditions to their employment. The War Service Regulation which permits the removal from Federal service of one concerning whose loyalty to the government the Civil Service Commission entertains a reasonable doubt undoubtedly was reasonable and proper and the making of it was well within the scope of the authority conferred on the Commission by the Act and the two Executive orders."

The Court also says:

"In these circumstances the Commission's finding is conclusive."

It is urged, however, that the decision of the Supreme Court in United States v. Lovett, 328 U.S. 303, 66 S.Ct. 1073, 90 L.Ed. 1252, should lead to a contrary result. In that case the Court had for consideration a provision of an appropriation act, the pertinent portions of which are as follows:

"No part of any appropriation, allocation, or fund (1) which is made available under or pursuant to this Act, or (2) which is now, or which is hereafter made, available under or pursuant to any other Act, to any department, agency, or instrumentality of the United States, shall be used * * to pay any part of the salary, or other compensation for the personal services of * * *" (three named individuals). 57 Stat. 450, § 304.

There have been other occasions on which the Congress has included a proviso in an appropriation act that no part of the funds thereby appropriated shall be used to pay the salaries of a certain named person. The validity of such a provision has never been successfully attacked.

In the Lovett case, however, Congress went further than that. It provided that no funds which might thereafter be made available shall be used to pay the salaries of certain individuals. The Supreme Court quite naturally construed this provision as meaning that the named individuals may never be employed by the United States Government in the future, and accordingly it held this proviso unconstitutional as a Bill of Attainder.

█ The Congress has no authority, under our tripartite division of the Government, to appoint persons to the Executive branch of the Government or to provide that certain named persons shall not be appointed by the President. That would be an unconstitutional limitation on the President's power of appointment, which is untrammeled under Article II of the Constitution.

█ In this case, however, there is no proscription by the Congress. There is only a discharge of the employees from the Government of the United States,—that is, the Executive branch—by the proper heads of the Executive branch. The discharge of an employee is an Executive function. The Court feels, therefore, that the Lovett case does not bear upon the issues involved in

the case at bar, and that the case at bar is governed by the Friedman case as well as by numerous other authorities which have held time and time again that the courts have no power to review the action of an agency of the Executive branch of the Government in separating one of its employees from the service. One of the latest cases in this Court on this point is Levine v. Farley, 70 App.D.C. 381, 107 F.2d 186. So much for the substantive objections.

The other objections are to the effect that the Order does not accord due process to the employee before he is discharged. True, if the requirements of due process laid down by the Fifth Amendment of the Constitution of the United States were applicable to the discharge of a Government employee from the service, this order would not comply with those requirements. The type of hearing contemplated by the Order is not the type of hearing that is prescribed by the due process clause. But the requirements of the due process clause apply only to judicial proceedings and to proceedings of a quasi judicial nature. They do not apply to the employer-employee relationship as between the Government and its employees. An employer does not have to grant to his employee a formal trial, with all its pomp and circumstance, before discharging the employee. This applies equally as well to the United States as an employer.

I have given considerable thought to this matter, and I feel that it would be futile and entirely unnecessary for me to examine the records of the hearings in these cases. To do so could accomplish nothing more than to satisfy my curiosity, if I had any, because I feel that as a Judge of this Court I have no authority to review the hearings in order to determine whether the hearings were fair or whether there was a basis in the evidence for the conclusion reached. A Government employee has no right to appeal to the courts from an order dismissing him from the service. I say so with the full realization of the fact that such a dismissal may have very serious and even devastating consequences to the employee in question. My conclusion is, however, that to review these orders would be beyond the scope of the authority of this Court, and further that the President's Loyalty Order is valid and is not violative of any constitutional provision.

For these reasons the Court will grant the motion of the defendants to dismiss the complaint.