**RISS & CO., Inc. v. INTERSTATE COM-
MERCE COMMISSION et al.**

No. 10167.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 15, 1949.

Decided Jan. 12, 1950.

Mr. Wendell Berge, Washington, D. C.,
with whom Mr. A. A. Layne, Jr., Wash-
ington, D. C., was on the brief, for ap-
pellant.

Mr. Harry L. Underwood, Assistant
Chief Counsel, Interstate Commerce Com-
mission, Washington, D. C., with whom
Mr. Daniel W. Knowlton, Chief Counsel,
Interstate Commerce Commission, Wash-
ington, D. C., was on the brief, for ap-
pellees.

Before EDGERTON, WILBUR K.
MILLER, and BAZELON, Circuit Judges.

PER CURIAM.

Appellant, a common carrier of prop-
erty by motor vehicle in interstate com-
merce, applied to the Interstate Commerce
Commission for certificates of public con-
venience and necessity to extend its op-
erations. While hearings before an ex-
aminer were under way appellant discov-
ered, it contends, that the examiner was
not appointed and qualified in compliance
with sections 5 and 11 of the Administra-
tive Procedure Act, 5 U.S.C.A. §§ 1004,
1010, 60 Stat. 239, 244. Appellant there-
upon objected to the pending hearing and
petitioned the Commission for a hearing
before an examiner so appointed. The
Commission denied the petition on the
ground that sections 5, 7, and 8 of the Act,
5 U.S.C.A. §§ 1004, 1006, 1007, did not ap-
ply to the proceeding. After the Commis-
sion declined to reconsider this order, ap-
pellant applied to the District Court for
a declaratory judgment and an injunction

requiring the Commission to give appellant an opportunity for a hearing in accordance with sections 5, 7, and 8 of the Act. The court granted the Commission's motion for summary judgment.

 The question chiefly argued on this appeal was whether the Commission was right in ruling that the cited sections of the Administrative Procedure Act are inapplicable to the pending proceeding before the Commission. Cf. Bersoff v. Donaldson, 84 U.S.App.D.C. 226, 174 F.2d 494. But we do not reach that question, for we think appellant's application for court help was premature. Courts are not authorized to interfere by injunction or declaratory judgment with the conduct of pending administrative proceedings. Macauley v. Waterman Steamship Corp., 327 U.S. 540, 545, 66 S.Ct. 712, 90 L.Ed. 839; Federal Power Commission v. Arkansas Power & Light Co., 330 U.S. 802, 67 S.Ct. 963, 91 L.Ed. 1261; Securities & Exchange Commission v. Otis & Co., 338 U.S. 843, 70 S.Ct. 89, rehearing denied, 338 U.S. 888, 70 S.Ct. 187. Different implications, if any, in United States ex rel. Kansas City Southern R. R. v. Interstate Commerce Commission, 252 U.S. 178, 40 S.Ct. 187, 64 L. Ed. 517, or Work v. Louisiana, 269 U.S. 250, 46 S.Ct. 92, 70 L.Ed. 259, on which the appellant relies, must be disregarded in the light of later cases. "The so-called order here complained of is one which does not command the carrier to do, or to refrain from doing, any thing; which does not grant or withhold any authority, privilege, or license; which does not extend or abridge any power or facility; which does not subject the carrier to any liability, civil or criminal; which does not change the carrier's existing or future status or condition; which does not determine any right or obligation." United States v. Los Angeles & Salt Lake R. R., 273 U.S. 299, 309–310, 47 S.Ct. 413, 414, 71 L.Ed. 651; John J. Casale, Inc., v. United States, D.C., 52 F.Supp. 1005. We think the complaint should have been dismissed. The case is accordingly

Remanded.

WILBUR K. MILLER, Circuit Judge, dissents.