Robert J. BARRETT, Plaintiff,

v.

J. Russell YOUNG, F. Joseph Donohue, Bernard L. Robinson, As the Board of Commissioners for the District of Columbia, Defendants.

Civ. A. No. 4590–51.

United States District Court
District of Columbia.

Nov. 9, 1951.

Charles E. Ford, William T. Hannan, Washington, D. C., for plaintiff.

Vernon E. West, Corp. Counsel, Chester H. Gray, Asst. Corp. Counsel, Oliver Gasch, Asst. Corp. Counsel, Washington, D. C., for defendants.

KIRKLAND, District Judge.

This is a class suit brought by Robert J. Barrett, Major and Superintendent of the Metropolitan Police Department of the District of Columbia against the members of the Board of Commissioners for the District of Columbia.

It seeks a temporary and permanent injunction to restrain enforcement of the Commissioners Memorandum Order No.

137, dated October 31, 1951, directing the members of the Metropolitan Police Department to " * * * fill out, sign, swear to and mail said questionnaire by registered mail" to the Senate District Crime Investigating Committee "within three days from date of receipt thereof by such officer or member, or within such further period of time as may be agreed upon by such officer or member with Arnold Bauman, Chief Counsel of said Committee".

A casual examination of the 27 page questionnaire containing some 1,750 questions, many of which appear irrelevant and immaterial to the inqury, plus the apparent unreasonable short time to answer, convinced the Court that a temporary restraining order should issue.

■ The Board of Commissioners is a creature of statute and derives its powers from express statutory authority which is in the nature of a restraining rather than an enabling act. Hazard v. Blessing, 1924, 55 App.D.C. 114, 2 F.2d 916. The Commissioners are the administrative heads of the Metropolitan Police, T. 4, § 119, D.C.Code, 1940 ed. They have statutory authority to conduct examinations of the police department and to administer oaths, T. 1, § 237, D.C.Code, 1940 ed., which power is a necessary adjunct to the responsibility for the proper conduct of the department. This section, however, contains no provision for conducting investigations for purposes other than those set forth therein.

■ The order issued by the Commissioners calling for the questionnaire to be answered and forwarded to the subcommittee is not embraced by Section 237, nor can it be justified as an exercise of any power which would be implied as a necessary corollary to their responsibility as head of the Metropolitan Police Department. In addition, the order was issued on the request of a member of the Committee which request does not pretend to be a directive or order issued by the subcommittee, pursuant to Senate Resolution 136, 82nd Congress, 1st Session, which provides that

"For the purpose of this resolution, the Committee, or any duly authorized subcommittee * * * is authorized, with the consent of the head of the department or agency concerned, to utilize the services, information, facilities, and personnel of any of the departments or agencies of the Government of the United States".

The resolution contains no specific reference to any department or agency of the Government of the District of Columbia, which the Courts have held not to be a department of the Government of the United States but a Municipal Corporation. Metropolitan Railway Company v. District of Columbia, 132 U.S. 1, 10 S.Ct. 19, 33 L.Ed. 231.

The Commissioners obviously issued the order in a good faith attempt to cooperate with the subcommittee in the investigation of crime in the District of Columbia, which motive is commendable, although the order appears to be an ultra vires act and outside the scope of their specific authority. Nor is there any provision for them to delegate their authority to agencies outside the Government of the District of Columbia.

■■ The complaint herein prays for an injunction. An injunction proceeding is, of course, not the proper remedy for asserting a constitutional privilege, nor for claiming a privilege under the rules of evidence. A claim of privilege to refuse to answer a question is personal to the witness, Brown v. Walker, 1896, 161 U.S. 591, 16 S.Ct. 644, 40 L.Ed. 819. That privilege must be asserted after a witness is asked a question and the witness refuses to answer. May v. United States, 1949, 84 U.S.App.D.C. 233, 240, 175 F.2d 994.

■ An injunction is an extraordinary remedy and should not be granted unless necessary to protect rights against injuries otherwise irremediable. State Corporation Commission of Kansas v. Wichita Gas Commission, 1934, 290 U.S. 561, 54 S.Ct. 321, 78 L.Ed. 500. "There is a strong presumption that public officers exercise their duties in accordance

with law. Injunction will not issue to restrain official conduct without a clear showing of an abuse of lawful duty or wrongful usurpation of power." Laughlin v. Cummings, 1939, 70 App.D.C. 192, 194, 105 F.2d 71, 73. No such clear showing has been made out here. The matter at the present time is in the nature of an interdepartmental dispute, and Courts have no jurisdiction to interfere by way of injunction with the conduct of administrative proceedings. Riss & Co. v. Interstate Commerce Commission, 1950, 86 U.S.App.D.C. 79, 179 F.2d 810. There is in this case a mere assertion that certain rights may be denied to the plaintiffs. If the plaintiffs do suffer an injury, they must first exhaust their administrative remedies within the department before they can petition for aid of the Court. Generally a member of the Metropolitan Police Force does not have the right to restrain the enforcement of an apparently lawful order.

Accordingly, since the complaint is premature and the Court lacks jurisdiction at this time to entertain an action for the relief sought, the Complaint must be dismissed and for the reasons stated in this opinion the temporary restraining order must be dissolved.