Walter O. NOREEN, individually and as President of Local No. 65, National Federation of Post Office Clerks on behalf of all other persons employed in the St. Paul United States Post Office, Plaintiff,

v.

Arthur A. VAN DYKE, Postmaster, United States Post Office, St. Paul, Minnesota, and Arthur Summerfield, Postmaster General, United States, Defendants.

Civ. No. 2741.

United States District Court
D. Minnesota, Third Division.

Aug. 12, 1955.

**144**

Fred N. Peterson, Jr., of Peterson & Popovich, St. Paul, Minn., for plaintiff.

George E. MacKinnon, U. S. Atty., and Keith D. Kennedy, Asst. U. S. Atty., St. Paul, Minn., of the State of Minnesota for defendants Van Dyke and Summerfield.

BELL, District Judge.

Three motions are involved here. The first motion is that of plaintiff for a temporary injunction. The second motion is that of the defendant Summerfield that the action be dismissed as to him and the return of service of process herein upon him be quashed because the Court lacks jurisdiction over his person. The third motion is that made on behalf of defendant Van Dyke, the Postmaster, that the action be dismissed because plaintiff has failed to aver and show facts sufficient to state a claim upon which relief can be granted and because plaintiff has failed to make a sufficient showing to invoke the equity jurisdiction of this Court.

■ With respect to the motion to quash the return of service and to dismiss the action as to the Postmaster General, it appears that the provisions of Rules 4(f) and Rule 4(d) (5) Federal Rules of Civil Procedure, 28 U.S.C.A., require the conclusion that this Court did not acquire jurisdiction over the person of the defendant Summerfield because he was served in an action brought in the District of Minnesota at a point beyond the territorial limits of the Court.

Rule 4(d) (5), Federal Rules of Civil Procedure, requires that an officer of the United States be served personally with the process here involved. The summons and complaint and notice of motion in this action, however, were served beyond the territorial limits of the District of Minnesota, and by reason of Rule 4(f), Rules of Civil Procedure, that service was insufficient for acquiring personal jurisdiction over the Postmaster General. Blackmar v. Guerre, 1952, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534; Love v. Royall, 8 Cir., 1950, 170 F.2d 5.

Plaintiff's motion for a temporary injunction and defendant Van Dyke's motion for a dismissal of the action both involve the question as to the sufficiency of plaintiff's complaint, moving papers, and facts adduced at the oral argument to state a cause of action that would justify this court in exercising its equity jurisdiction.

Plaintiff's counsel in his brief, and at the oral argument, suggested that unless the temporary injunction were granted, the questions raised by the complaint in the main action would be moot. It seems to be true, that if plaintiff has at this stage failed to aver and show facts sufficient to justify the granting of a temporary injunction, the main action would be fruitless. Moreover, there seems to be no serious question as to the essential facts involved and a trial on the merits would obviously involve only those facts already before the Court.

■ At the outset, in asking this Court to enjoin the Postmaster from requiring compliance with his request that the questionnaires be answered by the employees, plaintiff asks this Court to review an executive function of government. Plaintiff's showing must be clear that the official conduct is abusive and a wrongful usurpation of power, otherwise "there is a strong presumption that public officers exercise their duties in accordance with law." Laughlin v. Cummings,

1939, 70 App.D.C. 192, 105 F.2d 71, 73. This Court is also aware that "the interference of the Courts with the performance of the ordinary duties of the executive departments of the Government, would be productive of nothing but mischief * * *". Decatur v. Paulding, 14 Pet. 497, at page 516, 10 L.Ed. 559, as cited in Perkins v. Lukens Steel Co., 1939, 310 U.S. 113, 60 S.Ct. 869, 84 L. Ed. 1108.

█  Also, plaintiff, in his complaint and moving papers must sustain the burden of showing the existence of a legally enforceable right, the threat of irreparable injury and the want of an adequate remedy at law. That burden is not sustained by making allegations which are general conclusions of law or fact. Pacific States Box and Basket Company v. White, 296 U.S. 176, 56 S.Ct. 159, 80 L. Ed. 138.

█  Plaintiff has failed to aver facts sufficient to invoke the equity jurisdiction of this Court, because he has failed to show that the action of the Postmaster in attempting to carry out the duties of his office is arbitrary and violative of the rights of the postal employees. The questions asked of the employees are pertinent to personnel circumstances at the St. Paul Post Office, a matter with respect to which the Postmaster is by law properly concerned. Chapter I, Art. 13, Postal Manual, 1954; Chapter II, Art. 96d, Postal Manual, 1954; Chapter II, Art. 63, Postal Manual, 1954. The questions have been previously asked of and answered by the St. Paul postal employees in 1950. The matter of sick leave abuse and the manner in which the St. Paul Postmaster goes about determining its scope are affairs that must be handled by the executive branch of Government consistent with rights of the employees as citizens of the United States. On the basis of the averments of the complaint and the showing made at the oral argument, this Court cannot say that the Postmaster has encroached in any way upon the rights of the Government's employees.

Thus, the acts of the Postmaster appear to be managerial in nature. Because of the background which has been shown to have given rise to the necessity for seeking the information in the questionnaires, see Paragraphs V and VIII of Findings of Fact herein, and because of the Postal Regulations cited above pursuant to which the Postmaster acted in so eliciting the information, this Court cannot find that the managerial acts are arbitrary in any manner. In being unable to so find, this Court cannot act to review the wisdom of the action taken and to substitute its judgment for that of the Postmaster. Friedman v. Schwellenbach, 1946, 81 U.S.App.D.C. 365, 159 F.2d 22. On the other hand, the employees' compliance with the request to answer the questionnaire does not appear to be inconsistent with or violative of their status as Government employees.

██  Plaintiff contends that he is confronted with a dilemma, which is this: If he answers the questions he may tend to incriminate himself; if he refuses to answer the questions he may expose himself to the risk of discharge. With respect to the latter horn of the dilemma, this Court cannot assure a Government employee that there cannot legally be consequences of what might ultimately be characterized as insubordination. Government employees have no vested right in federal employment. Jason v. Summerfield, 1954, D.C.Cir., 214 F.2d 273. This Court will not determine in advance the sufficiency of such grounds for dismissal but is impressed with the language in Bailey v. Richardson, 86 U.S. App.D.C. 248, 182 F.2d 46, 58:

"No function is more completely internal to a branch of Government than the selection and retention or dismissal of its employees."

Moreover, because plaintiff has failed to show that he is immediately threatened with discharge and because what he seeks is in effect an advisory judgment or opinion with respect to the legality of consequences if he refuses to comply with the request, the action is prematurely

brought and this Court does not, therefore, have jurisdiction. United Public Workers of America v. Mitchell, 1947, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754.

■ The entire question of the sufficiency of any grounds which may ever be asserted against plaintiff and the members of the class whom he represents for any hypothetical discharge from Governmental employment is one which Congress has ordained shall be in the first instance left to the appropriate officers in the Post Office Department and the Civil Service Commission pursuant to the provisions of 5 U.S.C.A. § 863.

Plaintiff at Paragraph V of his complaint alleges "That said information required of the plaintiff to disclose violates his private and personal rights and might incriminate him and other employees contrary to the Fifth Amendment and the Fourteenth Amendment of the Constitution of the United States."

■ The Fourteenth Amendment is obviously not involved here because that Amendment pertains solely to *state* action. Love v. Chandler, 8 Cir., 1942, 124 F.2d 785. In this case we are concerned with the legality of the action of an officer of the Federal Government.

■ Plaintiff contends that he is entitled to equitable relief by way of an injunction because the Postmaster asked questions of him of such a nature that the answers may tend to incriminate him. The Fifth Amendment of the Constitution of the United States confers a privilege that plaintiff may assert. The point is, he must assert it properly. Thus, if he feels advised not to answer the questions upon the ground that the answers may tend to incriminate him, he may assert the privilege. However, the privilege against self-incrimination has not been held to include within it a right that a person may avoid making any response to the question either by way of an answer or by way of the assertion of the privilege. Thus, a person must either answer the question, or he must state that he refuses to answer the question upon the ground that the answer may tend to incriminate him, because the privilege against self-incrimination does not confer a right that one not be asked questions. Sullivan v. United States, 1927, 274 U.S. 259, 47 S. Ct. 607, 71 L.Ed. 1037, where Mr. Justice Holmes wrote:

"If the form of return provided called for answers that the defendant was privileged from making he could have raised the objection in the return, but could not on that account refuse to make any return at all. * * * It would be an extreme if not an extravagant application of the Fifth Amendment to say that it authorized a man to refuse to state the amount of his income because it had been made in crime. But if the defendant desired to test that or any other point he should have tested it in the return so that it could be passed upon. He could not draw a conjurer's circle around the whole matter by his own declaration that to write any word upon the government blank would bring him into danger."

■ It should further be noted that this is a class action and to the extent that it is an action wherein plaintiff seeks to assert what he contends are the effects and provisions of the Fifth Amendment of the Constitution of the United States, plaintiff is circuitously attempting to invoke the privilege for a class. That cannot be done. The privilege against self-incrimination is solely for the benefit of the person involved and must be asserted by him personally. Rogers v. U. S., 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344. Furthermore, the privilege may only be asserted by one after he has been asked a question in a judicial or quasi-judicial decision. The provisions of the Fifth Amendment, including the due process clause, seem to apply only to judicial and quasi-judicial proceedings. "They do not apply to the employer-employee relationship as between the Government and its employes."

Washington v. Clark, D.C., 84 F.Supp. 964, 967, affirmed, Washington v. Mc-Grath, 86 U.S.App.D.C. 343, 182 F.2d 375.

A case closely analogous to the one here involved is Barrett v. Young, D.C. D.C., 134 F.Supp. 106. In that case the Court considered the plea of police inspector Barrett for an injunction to prevent the Commissioners of the District of Columbia from requiring Barrett and other members of the police force to answer a questionnaire instigated at the request of a Senate investigating committee. The complaint alleged that to force the policemen to answer questions concerning outside income, investments, bank accounts, etc., would be violative of their rights against self-incrimination and result in irreparable harm to the plaintiffs. The Court dismissed the action. In a memorandum opinion dated November 9, 1951, Judge James R. Kirkland stated in pertinent part as follows:

"The complaint herein prays for an injunction. An injunction proceeding is, of course, not the proper remedy for asserting a constitutional privilege, nor for claiming a privilege under the rules of evidence. A claim of privilege to refuse to answer a question is personal to the witness, Brown v. Walker, 1896, 161 U.S. 591, 16 S.Ct. 644, 40 L.Ed. 819. That privilege must be asserted after a witness is asked a question and the witness refuses to answer. May v. U. S., 1949, 84 U.S.App.D.C. 233, 240 (175 F.2d 994).

"An injunction is an extraordinary remedy and should not be granted unless necessary to protect rights against injuries otherwise ir-remediable. State Corporation Commission, Wichita Gas Co., 1934, 290 U.S. 561, 54 S.Ct. 321, 78 L.Ed. 500. 'There is a strong presumption that public officers exercise their duties in accordance with law. An injunction will not issue to restrain official conduct without a clear showing of abuse of lawful duty or wrongful usurpation of power.' Laughlin v. Cummings, 1939, 70 App.D.C. 192, 194 (105 F.2d 71). No such clear showing has been made out here. The matter at the present time is in the nature of an inter (ra) departmental dispute, and Courts have no jurisdiction to interfere with the conduct of administrative proceedings. Riss & Co. v. Interstate Commerce Commission, 1950, 86 U.S. App.D.C. 79, 179 F.2d 810. There is in this case a mere assertion that certain rights may be denied to the plaintiffs. If the plaintiffs do suffer an injury they must first exhaust their administrative remedies within the Department before they can petition for aid of the Court."

Upon the foregoing principles, plaintiff's motion for a temporary injunction is denied and defendant Van Dyke's motion for dismissal of the action upon the ground that the complaint fails to state a claim upon which relief can be granted and because it fails to aver facts sufficient to invoke the equity jurisdiction of this Court, is granted. This dismissal is with prejudice.

The Court has made and filed Findings of Fact, Conclusions of Law and Order for Judgment herein, to which this Memorandum Opinion is supplemental and therefore made a part thereof.

An exception is allowed plaintiff.