**SEARS, ROEBUCK AND COMPANY,**
Plaintiff,

v.

**FEDERAL TRADE COMMISSION et al.,**
Defendants.

Civ. A. No. 2705-62.

United States District Court
District of Columbia.

Oct. 18, 1962.

Hogan & Hartson, Joseph J. Smith, Jr., and E. Barrett Prettyman, Jr., Washington, D. C., for plaintiff.

David C. Acheson, U. S. Atty., Charles T. Duncan, Principal Asst. U. S. Atty., Joseph M. Hannan, Gil Zimmerman, Asst. U. S. Attys., James McI. Henderson, Gen. Counsel, J. B. Truly, Asst. Gen. Counsel, Thomas F. Howder and John Gordon Underwood, Attys., Federal Trade Commission, for defendants.

WILLIAM B. JONES, District Judge.

This is an action to review and set aside alleged illegal orders of the Federal Trade Commission, for a declaratory judgment and a permanent injunction.

Plaintiff has moved for a summary judgment and defendants have moved to dismiss or in the alternative for a summary judgment.[1] The complaint, motion papers, including affidavits and exhibits, and the statement of material facts as to which there is no genuine issue, filed pursuant to this Court's Local Civil Rule 9(h), present the following facts for the Court's consideration:

Defendant Federal Trade Commission instituted an investigation in 1956 concerning plaintiff's purchase of plumbing fixtures. That investigation included a study of the practices of Universal-Rundle Corporation in making sales of plumbing fixtures to plaintiff as well as to other purchasers. On August 4, 1960, defendant Commission issued a complaint charging plaintiff with violation of section 2(f) of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C. § 13(f), by unlawfully inducing or receiving discriminatory prices in the purchase of certain plumbing fixtures. It was filed in FTC Docket No. 8069. On the same date, defendant Commission issued a complaint against the seller, Universal-Rundle Corporation, of such fixtures, which complaint alleged that such plumbing fixtures were sold at discriminatory prices to plaintiff as well as

---

1. Plaintiff also moved for a preliminary injunction. However, as will be noted in the course of this Memorandum, that request has become moot since this matter is now before the Court on final hearing and therefore the injunction sought is a permanent injunction.

to other purchasers in violation of Section 2(a) of the amended Clayton Act, 15 U.S.C. § 13(a). That complaint was filed in FTC Docket No. 8070.

Defendant Buttle was assigned as the Hearing Examiner to conduct adjudicative proceedings in both Docket No. 8069 and Docket No. 8070. Plaintiff filed its answer to the complaint in Docket 8069 on March 17, 1961. Plaintiff denied that it had violated Section 2(f) of the Clayton Act as charged by the Commission and it stated two separate defenses to the complaint and prayed that the complaint be dismissed. On October 4, 1961 the Hearing Examiner held a joint pre-hearing conference. Thereafter, Commission counsel, who were "in support of the complaint," filed a motion to dismiss the complaint against plaintiff. As reasons for such motion, it was stated that Docket 8069 was a companion case to that of Universal-Rundle Corporation (Docket 8070) and that, since a consent agreement had been executed in the latter proceeding which would result in dismissal of that portion of the complaint charging Universal-Rundle with discriminating in favor of plaintiff, proof of probable injury to competition sufficient to meet the requirements of the Clayton Act would be unavailable. No objection having been made, the Hearing Examiner made an Initial Decision granting the motion to dismiss the charges against the plaintiff. The Initial Decision was filed on May 24, 1962 and was served on plaintiff on June 1, 1962.

On May 24, 1962, the Hearing Examiner also filed an Initial Decision in Docket No. 8070 dismissing that portion of the charges against Universal-Rundle Corporation which asserted the grant of unlawful discriminatory prices to plaintiff.

Defendant Commission, on June 26, 1962, conducted a review of the two Initial Decisions and it disapproved both Decisions. The Commission caused minute entries to be made directing that the Decisions be vacated and ordering that both cases be remanded to the Hearing Examiner for further expedited proceedings. On July 3, 1962 the Secretary of the Commission entered formal Commission orders confirming the June 26, 1962 minute entries. A written notice of defendant Commission's order vacating the Hearing Examiner's Initial Decision in Docket 8069 was mailed to plaintiff on July 5, 1962.

On July 18, 1962, the Hearing Examiner, acting pursuant to the Commission's order, entered in Docket 8069 an order setting a pre-hearing conference and scheduling hearings. September 27, 1962 was the date set for the pre-hearing conference and the scheduled hearings are to commence on November 5, 1962 in Philadelphia, Pennsylvania. On August 9, 1962 the Commission's attorneys "in support of" the complaint in Docket 8069 filed with the Hearing Examiner a motion to consolidate the proceedings in Docket 8069 and Docket 8070.[2]

Plaintiff contends that the Hearing Examiner's Initial Decision became final and the decision of the Commission because the latter had not set aside the Initial Decision within the time and in the manner provided by its Rules of Practice, Procedures and Organization. Plaintiff cites § 4.19 of Part 4 of the Commission's Rules of Practice for Adjudicative Proceedings in support of its position. That Section of the Rules, as pertinent here, reads:

> § 4.19 *Initial decision.* (a) *When filed and when effective.* Within ninety days after completion of the reception of evidence in a proceeding, or within such further time as the Commission may allow by order entered in the record, based upon the hearing examiner's written request, the hearing examiner shall file an initial decision which shall become

2. The motion to consolidate was denied by the Hearing Examiner and, since institution of this action, the Hearing Examiner has vacated the pre-hearing conference set for September 27, 1962. So far as the record shows, the scheduled hearings are to commence on November 5, 1962.

the decision of the Commission thirty days after service thereof upon the parties, unless (1) within fifteen days after service of such initial decision a petition for review thereof shall be filed, or (2) within fifteen days after expiration of such fifteen-day period the Commission issues an order placing the case on its own docket for review. A copy of the initial decision shall be served upon each counsel or other representative who has appeared in the proceeding pursuant to § 5.1.

Within fifteen days after the service of the Initial Decision upon plaintiff a petition for review thereof was not filed. And plaintiff contends that within the second fifteen-day period defendant Commission did not issue an order placing the case on its own docket for review and therefore the Initial Decision became the decision of the Commission.

It is the contention of defendants that the disapproval by the Commission on June 26, 1962 of the Initial Decision and the entry by the Commission's Secretary of a formal order on July 3, 1962 was valid action by the Commission and was in accord with its usual practices in cases where it is able to act within the thirty-day period prescribed by § 4.19 of the Commission's Rules. The Commission states that it is only in cases where that agency is unable to act within such thirty-day period that it is the Commission's practice to enter a formal order "placing the case on its own docket for review." The Commission asserts that, with respect to Docket 8069, it deems the action taken by it within the thirty-

day period to incorporate placement of the case on its docket for review.

Plaintiff states that there has never been any entry on the Commission's "own docket for review" of an order vacating the Docket 8069 Initial Decision. Defendants deny that charge and assert that plaintiff confuses the Commission's "own docket", on which its Secretary entered the vacating order on July 3, 1962, with the Commission's "public docket" of formal cases on which the order was not entered. Defendants claim that the Commission's "own docket" is the one referred to in § 4.19 of the Rules and that it is the Commission's personal agenda. The Court notes that the Rules do not define the term "docket for review" or any other docket.

With respect to the time element, defendants assert that on July 3, 1962 when a formal order of the Commission's June 26, 1962 action was entered on "its own docket for review", the thirty-day period provided in § 4.19 of the Rules had not expired. While plaintiff claims that the thirty-day period expired on July 2, 1962, it adds that it would not be material if the period of time had expired on July 3, since, as it contends, the defendant Commission's order was void in any event.[3] And being void, plaintiff argues that there is no proceeding pending with respect to which further proceedings could be held in Docket 8069.

Plaintiff asserts that unless the relief it seeks in this action is granted, defendant Commission will continue with the prosecution of Docket 8069 and that plaintiff will thereby be caused irreparable injury in that plaintiff will be deprived of procedural due process and of the

---

3. The disagreement as to dates arises out of the meaning of a "business day." To the plaintiff, Saturday is a business day since it conducts business on that day. The Commission does not do business on Saturday and, therefore, it is not a business day to defendants. June 1, 1962 was a Friday. Under the Commission's Rules, computation of any period of time prescribed by the Rules begins "with the first business day following that on which the act * * * initiating such period

of time shall have occurred." Section 5.3, Rules of Practice, Procedures and Organization. Thus, whether Saturday, June 2, was a business day could be of importance. However, as has been noted, plaintiff asserts that it would not be material if the period of time expired on July 3 in view of the position it takes here. Nor is the question material at this time in light of the Court's disposition of this matter.

benefit of the Hearing Examiner's Initial Decision dismissing the complaint. Plaintiff further asserts that unless further proceedings are enjoined it will be forced to incur great expense, time and effort in defending against a complaint which has been dismissed and is, therefore, no longer pending before the Commission.

As has been noted, the Court has before it plaintiff's motion for summary judgment and prayer for an injunction, and defendants' motion to dismiss or in the alternative for a summary judgment. Defendants' motion to dismiss is based on the ground that the Court lacks jurisdiction over the subject matter in that the doctrine of exhaustion of administrative remedies applies. With this the Court agrees and thus does not reach the merits of plaintiff's claim.

Under the Clayton Act, as amended, exclusive jurisdiction is vested in a Court of Appeals of the United States to review any cease and desist order which might be made and issued by defendant Commission against plaintiff in the Docket 8069 proceeding. 15 U.S.C. § 21(c) and (d). Preliminary, procedural or intermediate agency action is subject to review upon the review of a cease and desist order of defendant Commission. 5 U.S.C. § 1009(c). Therefore, after exhaustion of the prescribed administrative remedy, plaintiff would have an adequate remedy at law for a judicial determination of the claim it asserts here. Myers v. Bethlehem Shipbuilding Corp., 303 U. S. 41, 58 S.Ct. 459, 82 L.Ed. 638.

Contrary to the position taken by the plaintiff that the Commission's order vacating the Initial Decision and remanding the matter for further proceedings was a gross and substantial error of the most fundamental character, it is the opinion of the Court that such action by the Commission was at most a procedural irregularity and that this Court does not have jurisdiction to grant the relief prayed for by plaintiff. R. A. Holman & Co. v. Securities and Exchange Commission, 112 U.S.App.D.C. 43, 299 F.2d 127, 129, cert. denied 370 U.S. 911, 82 S.Ct. 1257, 8 L.Ed.2d 404 (1962); Riss & Co. v. Interstate Commerce Commission, 86 U.S.App.D.C. 79, 80, 179 F.2d 810, 811 (1950); Miles Laboratories v. Federal Trade Commission, 78 U.S.App. D.C. 326, 328, 140 F.2d 683, 685, cert. denied 322 U.S. 752, 64 S.Ct. 1263, 88 L.Ed. 1582 (1944).

Defendants' motion to dismiss for lack of jurisdiction is granted. Counsel for defendants will present appropriate order.