628 F.2d 292
 James E. PREAST, Jr., Stephen Waskiewicz, Willie W. Butler,
Bobby D. A. Shedd, Laurence Turner, John A.
Jackson, Ronald W. Greenfield, Plaintiffs,
and
Renaissance Committee, James E. Preast, Jr., Stephen
Waskiewicz, Bobby D. A. Shedd, Appellants,
v.
J. D. COX, Superintendent, R. D. Landon, T. D. Hutto,
Stacey, R. S. Sanfilippo, L. G. Watson, O. L.
Hubbard, Individually and in their
official capacities, Appellees.
 No. 79-6415.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 3, 1980.
Decided Aug. 29, 1980.
 
 Eugene Murphy, Neighborhood Legal Aid Soc., Inc., Richmond, Va., for appellants.
 James T. Moore, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen. of Virginia and Guy W. Horsley, Jr., Asst. Atty. Gen., Richmond, Va., on brief), for appellees.
 Before WINTER, Circuit Judge, HARRY PHILLIPS, Senior Circuit Judge, Sixth Judicial Circuit, sitting by designation, and PHILLIPS, Circuit Judge.
 PER CURIAM:
 
 
 1
 On this appeal Renaissance Committee, an informal group of prisoners at Powhatan Correctional Center at State Farm, Virginia, challenge the district court's entry of summary judgment upholding defendants' right to prohibit the group from engaging in joint activities. We agree with the district court and affirm.
 
 
 2
 * The Committee was formed for the purpose of bringing lawsuits to challenge the conditions at Powhatan. Under prison guidelines in effect at Powhatan, organized groups must seek official recognition through an established procedure before joint activities are undertaken. The Committee has not complied with these procedures and thus has not been formally recognized. Prison officials prohibited the group from sponsoring group meetings until official recognition was received. The Committee challenged defendants' action in the district court arguing that prison officials could not ban group meetings prior to finding that the group activities presented a danger to security. The district court granted summary judgment against the group.[1]
 
 II
 
 3
 Plaintiffs argue that prison officials have unconstitutionally limited their right of access to the courts. Although the right of prisoners to petition the courts is established beyond doubt, Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977), the actions by prison officials in this case do not have the effect of denying or unconstitutionally limiting the exercise of that right. Decisions concerning the daily operation of an institution are committed to the professional expertise of prison officials, and the federal courts should ordinarily defer to the administrator's judgment. Jones v. North Carolina Prisoners' Union, 433 U.S. 119, 125-28, 97 S.Ct. 2532, 2537-39, 53 L.Ed.2d 629 (1977).
 
 
 4
 In Jones the Supreme Court upheld a prison regulation prohibiting solicitation, group meetings, and bulk mailings by the prisoners' union. The prison officials in Jones believed that the existence of the union presented a danger to security. The union argued that a reasonable belief was not adequate justification for infringement of the first amendment rights of prisoners, but the Supreme Court rejected the suggestion that officials must show a "present danger to security" before taking action. Id. at 128, 97 S.Ct. at 2539.
 
 
 5
 The prison officials at Powhatan have determined that groups may organize, but these associations must seek and receive official recognition before sponsoring group meetings or undertaking joint activities. The regulation is a reasonable attempt by administrators to protect the security of the institution. In Jones the Supreme Court noted that "operational realities of a prison dictate restrictions on the associational rights among inmates." Id. at 126, 97 S.Ct. at 2538. Plaintiffs' argument that prison officials may not interfere with group activities absent a demonstrated threat to prison security is unsupportable under the reasoning in Jones.
 
 
 6
 The Committee's reliance on the constitutional right of access to the courts is misplaced. The right of access is "barely implicated" in this case. See id. at 130, 97 S.Ct. at 2540. Plaintiffs retain their rights as individuals to seek redress in the courts and to discuss suits with other prisoners, but their desire to sponsor meetings and proceed as a group must yield to the informed decision of the administration that prior approval must be received before joint activities are undertaken.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Plaintiffs also alleged that defendants prohibited them as individuals from assisting other inmates with legal matters. Most of these individual claims were disposed of by a consent decree in which defendants agreed not to interfere with plaintiffs' individual efforts to bring lawsuits and to aid other inmates with legal matters. The remaining issues, involving one plaintiff and one defendant, were tried and resulted in a verdict for defendant. The sole question raised by this appeal is whether the prison officials properly could prohibit joint activities by the unrecognized group