Auther Rico STRINGER, # C–10183,
Rabb Ra Chaka, # C–63885,
Plaintiffs,

v.

Richard DeROBERTIS, Warden, Michael O'Leary, Assistant Warden, Michael P. Lane, Director of Corrections, et al., E. Maxwell, Personal Property Officer, Gene Venegone, Superintendent, Unit D, Defendants.

No. 81 C 4951.

United States District Court,
N. D. Illinois, E. D.

June 18, 1982.

Auther Rico Stringer, pro se.

Rabb Ra Chaka, pro se.

Laurel Black, Asst. Atty. Gen., Sp. Litigation, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This *pro se* civil rights complaint brought pursuant to 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343(3), comes before the Court on defendants' motion to dismiss or, in the alternative, for summary judgment. For the reasons that follow, the motion to dismiss is granted.

Plaintiffs Auther Rico Stringer and Rabb Ra Chaka are inmates at the Stateville Correctional Center ("Stateville") who are employed as legal advocates in the prison law library. They and several other inmates founded the Jailhouse Lawyer's and Prisoners' Defense Foundation, Inc. ("Jailhouse Lawyer's"), a not-for-profit corporation incorporated under Illinois law on September 4, 1980. According to plaintiffs, Jailhouse Lawyer's was organized primarily to serve as an "information source and rehabilitative vehicle" for themselves and other prisoners. With the alleged consent of defendants Richard DeRobertis and Michael O'Leary, the Warden and Assistant Warden of Stateville, plaintiffs ordered $900 worth of printed materials on behalf of the Jailhouse Lawyer's. Plaintiffs initiated this action when prison officials subsequently refused to allow them to take possession of the materials they had ordered.

According to the complaint, Ms. Chris LaVergne, a Coordinator for Jailhouse Lawyer's, visited Stateville in early June, 1981. She brought with her the materials that plaintiffs had ordered. The printed matter, which included membership applications and cards, stationery with the Jailhouse Lawyer's letterhead, and copies of the corporation's constitution and by-laws, was given to prison officials for delivery to Stringer. Stringer received no word of the delivery until two weeks later when O'Leary's secretary informed him that DeRobertis had decided not to allow plaintiff to take possession of the material. Stringer was given the option of either having the material sent home with his next visit or having the prison keep it until his release or transfer to another institution. Stringer refused to exercise either option.

Plaintiff then wrote to defendant Michael Lane, Director of the Illinois Department of Corrections, in an effort to gain the release of the property and to defendant Elmer Maxwell, the Personal Property Officer, to learn of the whereabouts of the property. While he received no response from Lane, Maxwell summoned plaintiff from his cell on July 21, 1981, to discuss disposition of the property. Maxwell again gave Stringer two options, either mail the property home at Stringer's expense or send it home with a visitor. Stringer again refused to instruct defendants as to disposition of material. The printed matter remains at this time in the custody of Maxwell.

Plaintiffs assert that they have a constitutional right to possess personal property and that defendants' "confiscation" of the box of printed matter ordered for the Jailhouse Lawyer's violates their right to due process under the Fourteenth Amendment. Plaintiffs specifically contest defendants' failure to give them a hearing prior to the "confiscation" or any reasons to justify their decision to withhold the property from plaintiffs.

The first step in analyzing plaintiffs' deprivation of property claim is to identify the nature of the alleged deprivation. Plaintiffs complain of the "confiscation" of the printed materials they had ordered. Confiscation implies a permanent taking of property rightfully in the plaintiffs' possession. But defendants are alleged to have assumed only temporary possession of the disputed property. Defendants have at all times offered to relinquish possession of the ordered material to someone designated by plaintiffs. Defendants have only refused plaintiffs permission to take present possession of the property. Thus, the deprivation at issue here does not involve any permanent forfeiture or intentional taking and

retention of property belonging to plaintiffs. Rather, the question raised by the complaint is whether prison officials may constitutionally restrict a prisoner's right to possess property while he is in custody.

■■■ Lawful incarceration necessarily entails limitations upon many of the rights enjoyed by ordinary citizens. *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974). Among the rights obviously subject to curtailment is an inmate's right to possess property. *Ford v. Schmidt,* 577 F.2d 408, 410 (7th Cir. 1977), *cert. denied,* 439 U.S. 870, 99 S.Ct. 199, 58 L.Ed.2d 181 (1978). As the Seventh Circuit noted in *Secret v. Brierton,* 584 F.2d 823 (7th Cir. 1978):

> There is no constitutional right that prohibits prison officials from confiscating most of a prisoner's personal property pending release from prison. The constitutional violation arises only if they confiscate that property without due process of law.

*Id.* at 830. Reasonable restrictions upon the quantity and type of property an inmate may possess are not violative of due process. *Bell v. Wolfish,* 441 U.S. 520, 554–55, 99 S.Ct. 1861, 1882–83, 60 L.Ed.2d 447 (1979).

■■■ Defendants assert that the disputed property is being withheld from plaintiffs because of concerns that Jailhouse Lawyer's, an organization that has not received official recognition from prison authorities, may engage in charging other inmates for access to legal services. Given the "acknowledged propensity of prisoners to abuse both the giving and the seeking [legal] assistance," *Johnson v. Avery,* 393 U.S. 483, 490, 89 S.Ct. 747, 751, 21 L.Ed.2d 718 (1969), the count cannot find defendants' refusal to allow plaintiffs to take possession of the Jailhouse Lawyer's material unreasonable. Moreover, as defendants point out, plaintiffs are not wholly without means to contest defendants' decision. They may challenge the withholding of the materials they ordered by filing a grievance with the prison's administrative grievance procedure. *See Secret v. Brierton, supra.* The hearing

provided by the prison grievance procedure is certainly sufficient to satisfy the due process clause in light of the limited intrusion upon plaintiffs' property interests at issue in this action. *Cf. Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (postdeprivation hearing sufficient due process to remedy a negligent taking of property by state agents).

Plaintiffs further contend that the taking of the printed material arbitrarily deprives Jailhouse Lawyer's of its right to exist, a right recognized by its incorporation under state law, and that defendants have violated their right to equal protection by failing to accord Jailhouse Lawyer's the same privileges extended to the Stateville chapter of the Jaycees.

■■■ Just as prison officials may limit an inmate's right to possess personal property while incarcerated, so may they reasonably restrict the First Amendment rights of association among inmates. *Jones v. North Carolina Prisoners' Labor Union,* 433 U.S. 119, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977). Thus, contrary to plaintiff's argument, incorporation of an organization under state law does not give that organization an inherent right to exist and operate within prison walls. Illinois Department of Corrections Administrative Regulation 869 ("AR 869") requires inmate organizations to obtain prior written approval from the warden before engaging in business. The requirement that organized groups seek official recognition through an established procedure before engaging in activity is a reasonable limitation upon First Amendment rights. *Preast v. Cox,* 628 F.2d 292 (4th Cir. 1980). Plaintiffs concededly have yet to seek official recognition for Jailhouse Lawyer's as required under AR 869. Because plaintiffs have neither sought nor been refused the right to conduct organizational business at Stateville, they cannot now complain that defendants are depriving Jailhouse Lawyer's of its right to exist, or that defendants are denying Jailhouse Lawyer's privileges extended to other groups that presumably have received official permission to conduct organizational business.

Finding that the allegations of the complaint fail to state a claim for relief under 42 U.S.C. § 1983, the Court grants defendants' motion to dismiss and hereby dismisses this action in its entirety. It is so ordered.