962 F.2d 11
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Thomas William SMITH, Jr., Plaintiff/Appellant,
v.
Ronald UMBDENSTOCK, Donald Jones, Patricia J. Bornor, Paul
Barnett, and James H. Thieret, Defendants/Appellees.
 No. 89-1838.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1992.*
Decided May 11, 1992.
 
 Before FLAUM and EASTERBROOK, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 In January 1985, Thomas Smith, an inmate at the Menard Correctional Center, placed the following ad in the Chicago Lawyer:
 
 
 2
 Do you have a client who is incarcerated at Menard prison? Does this client have problems with the prison administration? Thomas W. Smith, a jailhouse lawyer, does expert grievances at a reasonable price. For more information, contact: Thomas W. Smith, No. C-82411, P.O. Box 711, Menard, IL. 62259
 
 
 3
 Upon the advice of the Department of Corrections ("DOC") legal staff, which was investigating a possible unauthorized practice of law, Smith discontinued the ad. Smith was issued an inmate disciplinary report on April 15, 1985 for willfully violating DOC Rule 445.30, the rule governing the procedures an inmate must follow before entering into a business venture. Admitting that he placed the ad, Smith was found guilty by the Adjustment Committee and received as discipline the loss of 30 days good time, 30 days in segregation, and 30 days in "C" grade. On administrative appeal, the matter was remanded with instructions to issue a ticket which more particularly set forth the facts. Smith was again found guilty, and the original disciplinary penalties were imposed.
 
 
 4
 Smith filed suit under 42 U.S.C. § 1983, alleging that he was denied 1) his constitutional right to engage in a business venture, and 2) due process by the prison disciplinary committee. A magistrate judge recommended granting the defendants' motion to dismiss for failure to state a claim. Fed.R.Civ.P. 12(b)(6). Despite Smith's objections to that recommendation, 28 U.S.C. § 636(b), the district court accepted the report and recommendation, concluding that an inmate has no right to operate a business while incarcerated unless the prison grants him that privilege and that Smith received due process under the standards enunciated in Wolff v. McDonnell, 418 U.S. 539, 563-65 (1974).[1]
 
 
 5
 On appeal, Smith asserts that his ad was commercial speech that is protected under the First Amendment and that, in any event, the charge of entering into an illegal business venture was a pretext for the prison's retaliation for his writing grievances for other inmates. He also continues to argue that his due process rights were violated because: 1) the ticket was issued beyond the eight-day period after the discovery of his offense in violation of the prison rules; 2) he could not have "willfully" disobeyed Rule 445.30 because that rule was not posted; and 3) Rule 445.30 is vague.[2]
 
 
 6
 We review the grant of a motion to dismiss de novo, viewing all of the facts alleged in the complaint, as well as any inferences reasonably drawn from them, in the light most favorable to the plaintiff. Mosley v. Klincar, 947 F.2d 1338, 1339 (7th Cir.1991). We construe a pro se complaint liberally and must decide whether Smith could prove any " 'set of facts in support of his claim which would entitle him to relief.' " Smith v. United States District Court for the Southern District of Ill., No. 90-1838, slip op. at 3-4 (7th Cir. Feb. 7, 1992) (citation omitted).
 
 
 7
 We note that the cases that Smith cites in support of his right to advertise argument all involve licensed attorneys and are thus inapposite because Smith is not a lawyer and because an inmate has no constitutionally protected right to operate a business while incarcerated. See Stringer v. De Robertis, 541 F.Supp. 605, 607 (N.D.Ill.1982), aff'd without opinion, 738 F.2d 442 (7th Cir.1984) (the fact that an organization is incorporated under state law does not give it a right to exist within the prison); French v. Butterworth, 614 F.2d 23, 24 (1st Cir.1980) ("prisoner has no recognized right to conduct a business while in prison"). Nor does Smith have an absolute right to assist other inmates. Cf. Johnson v. Avery, 393 U.S. 483, 490 (1969) (unless the state has an alternative means of assisting inmates prepare post-conviction papers, it may not bar inmates from furnishing such assistance); Kunzelman v. Thompson, 799 F.2d 1172, 1179-80 (7th Cir.1986) (inmate can be punished for assisting other inmates who are represented by counsel). Moreover, a jailhouse lawyer has no right to compensation and may be punished for accepting compensation for such services. Johnson, 393 U.S. at 490; see also Gometz v. Henman, 807 F.2d 113, 115 (7th Cir.1986) ("[t]he jailhouse lawyer may not (lawfully) charge for his services"). Finally, the record indicates that Smith was disciplined for willfully violating Rule 445.30, not as he contends, for writing grievances. The First Amendment claim fails because Smith wishes to advertise a willingness to do something that he is not permitted to do.
 
 
 8
 Regarding prison disciplinary proceedings, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board." Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455 (1985). Although the disciplinary ticket was issued more than eight days after the commission or discovery of the offense in violation of DOC Rule 504.80, Smith has not argued that he was prejudiced in any way by that delay that would amount to a constitutional violation. Cf. Caruth v. Pinkney, 683 F.2d 1044, 1052 (7th Cir.1982).
 
 
 9
 In his second due process challenge, Smith alleged that the rule was neither posted nor available in the library (though other rules were). The prison record indicates that the rule was posted, and Smith's complaint fails to make the requisite allegation of lack of personal knowledge. In finding a violation of the regulation, the Adjustment Committee relied on the ad in question and Smith's admission that he placed the ad. Therefore, the fact that the discipline was based on a willful violation of the regulation did not deprive Smith of any right.
 
 
 10
 Smith also argues that Rule 445.30 is vague because it does not specifically state that an inmate must receive written approval of a business venture. This rule does not necessarily impinge on a First Amendment right and, reasonably construed, is not unconstitutionally vague. In any event, Smith has not argued that he took the preliminary action in compliance with this rule.
 
 
 11
 For all of the above reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 The district court also found that Smith could not assert the First Amendment rights of a third party, namely, Rob Warden, Editor of the Chicago Lawyer
 
 
 [2]
 DOC Rule 445.30 reads in relevant part:
 Business Ventures
 a) All committed persons are required to inform the Chief Administrative Officer or his designee of the following in writing before entering into any business venture:
 1) Type of business;
 2) Service or product to be provided;
 3) Anticipated mail volume (incoming and outgoing); and
 4) Date the business will begin.
 b) The Chief Administrative Officer or his designee shall determine the facility's capability to handle any administrative burden generated by a business venture and shall specify reasons for denial of a such a request in writing unless inappropriate because of safety or security considerations.