**KELLY v. JOHNSTON, Warden.**

No. 22653.

District Court, N. D. California.

May 7, 1938.

LOUDERBACK, District Judge.

The petitioner applied for a writ of habeas corpus. Upon an order to show cause, the application was denied by the court. There is now before the court an application for allowance of appeal in forma pauperis. The question presented is whether or not this appeal is taken in good faith, under the terms of the act relative to such appeals. 28 U.S.C.A. § 832.

The petitioner is confined in the United States Penitentiary at Alcatraz, California.

On March 6, 1930, in the United States District Court for the Eastern District of Arkansas, Western Division, the petitioner was sentenced in two cases. In case No. 10047, for violation "of section 225, R.C.C., 18 U.S.C.A. § 355," he was sentenced to five years, to date from March 6th, 1930. In case No. 10048, for the violation of "section 192, R.C.C., 18 U.S.C.A. § 315," he was sentenced to five years, to run consecutively with the sentence in No. 10047.

In his application for the writ, he contended that with all the good conduct credits allowed by law, the sentence would expire on the 21st day of November, 1936, despite the order of October 9, 1931, filed against him "that he forfeit all the good time earned or to be earned." The basis of this application for a writ is that such order forfeiting good-time credits could only apply to the first five year sentence, which he was then serving. That with the subsequent restoration by the Attorney

General of ten months' lost credits, plus the good credits for the second five-year sentence which he claims were not forfeited by the order of forfeiture, he was entitled to his freedom.

Statutory regulations control deductions from sentences for good behavior. 18 U.S.C.A. § 710 provides: " * * * When a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deductions shall be estimated." See, also, Eori v. Aderhold, Warden, 5 Cir., 53 F.2d 840.

The petition for allowance of appeal in forma pauperis assigns as error:

"1. The Court erred in not ordering the body of petitioner in Court for a hearing on the facts.

"2. The Court erred in holding that good conduct time could be taken on a sentence before the sentence was in execution.

"3. The Court erred in holding that the ten months restored to Petitioner were not time actually take on first sentence and indictment."

As to point 1: The United States Supreme Court has held that upon an order to show cause why a writ of habeas corpus should not issue, the court "can determine the right of the prisoners to be released on this rule to show cause as correctly and with more convenience in the administration of justice, than if the prisoners were present * * *." In re Yarbrough, 110 U.S. 651, 653, 4 S.Ct. 152, 28 L.Ed. 274. See, also, Murdock v. Pollock, 8 Cir., 229 F. 392.

Points 2 and 3 of the petition, for allowance of appeal in forma pauperis, are controlled by the provisions of 18 U.S.C.A. § 710, supra.

Since a petitioner seeking leave to prosecute an appeal in forma pauperis must show some merit in the proposed appeal (28 U.S.C.A. § 832; De Groot v. U. S., 9 Cir., 88 F.2d 624), it appears, in the opinion of the court, that the grounds for appeal are, in law, so frivolous in their nature as to show that the petitioner's appeal is not taken in good faith, and the court so finds and certifies.

Therefore, it is ordered that the petitioner's application to proceed in forma pauperis on appeal from the order denying the application for a writ of habeas corpus is hereby denied.