## DE CLOUX v. JOHNSTON.
### No. 26693–H.

District Court, N. D. California, S. D.
Feb. 7, 1947.

Lawrence DeCloux, in pro. per.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

HARRIS, District Judge.

Lawrence DeCloux has filed herein a petition for "Writ of Mandamus" naming therein James A. Johnston, Warden United States Penitentiary, Alcatraz, California, as respondent, and alleges in part that the Warden and his assistants did "on the 4th day of May, 1946, at the termination of the bombardment of this institution * * * take away from him all of his legal and business papers." The papers referred to, according to the allegations, consisted in part of a copy of the indictment, judgment and sentence in United States of America v. Lawrence DeCloux, et al., in the United States District Court, Western District of Washington, Southern Division, No. 15585. It appears that while confined in the said Penitentiary at McNeil Island, Washington,

the defendant, among others, allegedly stole certain property located in and about the prison. Thereafter he was convicted and regularly sentenced for the theft of Government property.

Petitioner seeks by this writ to command the Warden "to show cause, if any he has, why he should not return said legal papers to petitioner * * * and to restrain the said Warden and his minions from interferring with petitioner in his free access to the courts." Upon the filing of this petition a rule to show cause issued, and responsive thereto there has been filed a motion to dismiss. In addition, petitioner has filed a "Petition for Temporary Writ of Habeas Corpus * * * allowing petitioner to act as his own attorney," and, subsequently, a "Special Motion" wherein he seeks a writ of habeas corpus ad testificandum.

The several papers filed by petitioner, including his memorandum in opposition to the motion to dismiss, exhibit a technical nicety and regard for legal verbiage.

█ In order that I might discover information available, by judicial notice, to the end that a background be provided for the more current filing, I felt it my duty to look through the records. Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, 870. The records of this court reflect that petitioner has an aptitude for the preparation of similar papers.

On October 18, 1945, DeCloux filed in this court his petition, and amended petition, for declaratory judgment, No. 23818-G, wherein it appeared that the relief sought was a direction that the defendant, James A. Johnston, Warden (respondent herein) permit the plaintiff to subscribe to certain daily newspapers. A motion to dismiss was granted by Hon. Louis E. Goodman as there was involved on the part of the Warden an exercise of discretion under the rules promulgated for the government of inmates in penal institutions in accordance with 18 U.S.C.A. § 753a.

On December 6, 1945, he filed a petition for writ of habeas corpus, No. 25421-R, wherein he attacked the jurisdiction of the United States District Court in Washington based upon alleged infirmities in the indictment, and the sufficiency thereof.

There was annexed to this petition the several exhibits alluded to, i. e., the indictment, the judgment and sentence. (These exhibits are available in the office of the Clerk of this court.) This petition was heard before the Hon. Michael J. Roche, and a motion to dismiss was regularly granted.

It does not appear from the face of the instant petition, nor from any of the moving papers, why DeCloux requires the documents referred to, nor does he set forth any particular action wherein he contemplates using them. In addition, petitioner does not indicate, nor does it appear in what manner he has been denied "free access to the courts."

■ The petition for writ of mandamus must be dismissed for several reasons:

(1) The application for the writ must be denied in view of the abolishment of writs of mandamus. Rules of Civil Procedure for District Courts, Rule 81 (b), 28 U.S.C.A. following section 723c. In re Stewart, D.C.N.D.Cal.,S.D., 1 F.R.D. 105.

■ Before the enactment of the rule the petition would have been dismissed for the reason that this court had no original jurisdiction to issue a writ of mandamus. It is well settled that the United States District Court could not, unless specially authorized by statute, issue an original writ of mandamus. The writ issued only as an auxiliary to, or in aid of jurisdiction already existing. Hogan v. Hill, D.C., 9 F. Supp. 975; Jones v. Hiatt, D.C., 50 F.Supp. 68.

In Youngblood v. United States, 6 Cir., 141 F.2d 912, 914: "The instant action was brought in the United States District Court in the nature of an original petition for a writ of mandamus, and not as auxiliary to enforcement of an order, judgment or decree in a pending cause of action. As early as McIntire v. Wood, 7 Cranch 504, 3 L.Ed. 420, the power of an inferior federal court to issue the writ of mandamus was held to be confined exclusively to a case in which the writ may be necessary to the exercise of jurisdiction; as late as Covington & Cincinnati Bridge Co. v. Hager, 203 U.S. 109, 111, 27 S.Ct. 24, 51 L.Ed. 111, it was held to be settled beyond controversy that, until Congress shall otherwise provide, no power exists in these courts to issue a writ of mandamus in an original action brought for the purpose of securing relief by the writ, even if the relief sought concerns an alleged right secured by the Constitution of the United States."

■ Although these writs are abolished, relief by motion or by other proper action may be obtained where such writs would have issued in aid of jurisdiction. Moore's Federal Practice under the New Federal Rules, Vol. 3, p. 3427; Morgenthau v. Barrett, 71 App.D.C. 148, 108 F.2d 481.

■ Apart from technical requirements, and viewing the petition as one seeking injunctive relief, it is apparent that it fails to disclose grounds sufficient to state a cause of action. Hillard Sanders v. Johnston, 9 Cir. 1947, 159 F.2d 74; Laughlin v. Cummings, 70 App.D.C. 192, 105 F.2d 71.

■■ (2) The petition for writ of habeas corpus ad testificandum is equally without merit. It appears from a fair analysis of the proceedings, that DeCloux is attempting to exploit every conceivable remedy upon the theory that one or the other may bring him into court. Although it is recognized that usually the formal inadequacies of a petition prepared by a prisoner are overlooked in an attempt to determine whether there is substance to the application, justifying the intervention and the exercise of Federal authority, nevertheless, it is manifest that his appearance in court would serve no useful, nor any purpose in aid of his petition. Price v. Johnston, 9 Cir. 1947, 159 F.2d 234.

■ The granting of the writ of habeas corpus ad testificandum rests largely in the discretion of the Court to which the application is made, and the circumstances are not such as to justify this Court in ordering petitioner before it as a consequence of his motion labeled "Motion for Special Appearance." Gilmore v. United States, 10 Cir., 129 F.2d 199, 204; certiorari denied 317 U.S. 631, 63 S.Ct. 55, 87 L.Ed. 509.

■ (3) It is elementary that a prisoner applying for a writ is not entitled to appear in the District Court in person for

the purpose of prosecuting his application. Petitioner's request that he be allowed to appear as his own attorney is without merit. Murdock v. Pollack, 8 Cir., 229 F. 392, 143 C.C.A. 512; Hauck v. Hoyl, D.C., 51 F.Supp. 1005, 1007; Kelly v. Johnston, D.C. Cal., 23 F.Supp. 212; affirmed 9 Cir., 99 F. 2d 582; certiorari denied 305 U.S. 597, 59 S.Ct. 96, 83 L.Ed. 378.

For the foregoing reasons the several petitions and motions hereinabove referred to are, and each of them is hereby denied, and the order to show cause discharged.

Respondent's motion to dismiss is hereby granted.