**William H. YOUNG, Petitioner,**

**v.**

**J. J. PARKER, Warden, U. S. Penitentiary, Lewisburg, Pennsylvania, Respondent.**

**Civ. A. No. 9548.**

United States District Court
M. D. Pennsylvania.
Aug. 12, 1966.

See also D.C., 256 F.Supp. 1002.

---

William H. Young, pro se.
No appearance for respondent.

## MEMORANDUM

FOLLMER, District Judge.

William H. Young, a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, has filed in this Court a "Motion for Interlocutory Injunction * * * compelling nonimposition of the 'new procedure of legal papers' upon your petitioner," to the end petitioner may have access to typing materials and typewriter during normal off duty hours.

Petitioner alleges "Respondent has promulgated a new procedure, effective May 20, 1966, denying petitioner personal use of typing materials and typewriter necessary for the continuance and pursuit of legal redress before the court, and in its stead has substituted a 'typewriter pool', * * * all of which constitutes cruel and unusual punishment under the 8 Amendment. Petitioner is a qualified typist, working as such for over 15 years."

The Court takes judicial notice of the fact that the prison authorities have set up a typewriter pool, to which have been assigned a number of competent typists, where inmates may have typing done at no cost. Petitioner is not a member of this pool.

Essentially this motion is nothing more than dissatisfaction with routine prison regulations. Petitioner is obviously seeking special privileges. He wants this Court to inject itself into the administration of the prison and direct that a typewriter be made available to him for his personal use. He does not like to be regimented.

In Price v. Johnston, 344 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948), the Court said: "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system."

In McCloskey v. State of Maryland, 337 F.2d 72, 74 (4th Cir., 1964), the Court said, inter alia: "Imprisoned felons and inmates * * * cannot enjoy many of the liberties, the rights and the privileges of free men."

And in United States ex rel. Morris v. Radio Station WENR, 209 F.2d 105, 107 (7th Cir., 1953), the Court said:

"* * * 'We think that it is well settled that it is not the function of the courts to superintend the treatment and discipline of prisoners in penitentiaries, but only to deliver from imprisonment those who are illegally confined.' Stroud v. Swope, Warden, 9 Cir., 187 F.2d 850, 851."

Accordingly, it being obvious from the face of petitioner's pleading that he is not entitled to the relief sought, the "Motion for Interlocutory Injunction" will be denied.