**Wilfred Roy FRENCH, Plaintiff, Appellant,**

v.

**Fred A. BUTTERWORTH, Defendant, Appellee.**

**No. 79-1338.**

United States Court of Appeals, First Circuit.

Jan. 31, 1980.

Wilfred Roy French, pro se.

Francis X. Bellotti, Atty. Gen., Lee Carl Bromberg, Sp. Asst. Atty. Gen., Boston, Mass., and Roberta S. Harvest, Counsel, Dept. of Correction, on brief, for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

This case arose when Wilfred Roy French, a prisoner at the Massachusetts Correctional Institution at Walpole, attempted to become a distributor of Erewhon natural foods within the prison. He collected the signatures of hundreds of inmates who supported his proposal to make health food available at a low profit margin, not to exceed 2%. Prison Superintendent Fred Butterworth turned down the proposal.

Aggrieved by this decision, French filed a class action against Butterworth pursuant to 42 U.S.C. §§ 1983 and 1985. In the complaint, French alleged that, after denying his proposal, Butterworth decided to have the natural foods sold through the prison canteen at higher prices, and to use

the profits to benefit correctional officers and "the security of the prison" rather than the inmates. French sought injunctive relief, principally to prevent the higher charges.

The complaint was referred to a magistrate, who allowed French's motion to proceed *in forma pauperis*, but recommended that the complaint be dismissed as frivolous prior to service, 28 U.S.C. § 1915(d). The magistrate stated:

> "Whatever may be within the penumbra of rights covered by the Fifth and Eighth Amendments to the Constitution, those rights certainly do not include a right to operate a business while legally confined for transgressions of the past."

French objected to the magistrate's recommendation on the grounds that he was not asserting a violation of his fifth or eighth amendment rights, and that other inmates are allowed to operate profitable businesses selling leather, plastic, and wood products to the public. The district judge accepted the magistrate's recommendation and dismissed the complaint. French filed a notice of appeal, in which he stated for the first time that his first, fourth, and fourteenth amendment rights had been violated and that he was seeking the protection of "inmate property rights."

French has undeniably demonstrated initiative, but the question here is whether he has alleged a violation of any federally protected right in connection with Butterworth's refusal to allow him to sell health food to other inmates near cost. Reading French's complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and perhaps with too much hindsight, we view it as an attempt to state a . claim that he and other inmates were deprived of property without due process of law, in violation of the fourteenth amendment.[1]

■ In deciding whether the complaint was properly dismissed, we first consider French's assertion that he has a constitutionally protected property interest in running a health food dealership in prison. We can find no authority for this remarkable proposition. Whatever protected property or liberty interest the average citizen may have in holding employment or pursuing a chosen occupation, *Greene v. McElroy*, 360 U.S. 474, 492, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959); *see Hampton v. Mow Sun Wong*, 426 U.S. 88, 102 & n.23, 96 S.Ct. 1895, 48 L.Ed.2d 495 (1976), a prisoner has no recognized right to conduct a business while incarcerated. To the contrary, two courts have ruled in recent years that the fourteenth amendment affords no protection to inmate business activities. *Garland v. Polley*, 594 F.2d 1220, 1221–22 (8th Cir. 1979); *Valentine v. Gray*, 410 F.Supp. 1394, 1396 (S.D.Ohio 1975).[2] *See also Stroud v. Swope*, 187 F.2d 850, 851 (9th Cir.), *cert. denied*, 342 U.S. 829, 72 S.Ct. 53, 96 L.Ed. 627 (1951). As both courts noted, in *Procunier v. Martinez*, 416 U.S. 396, 414 n.14, 94 S.Ct. 1800,

---

1. We do not see the relevance of the first, fourth, fifth, or eighth amendment to French's lawsuit. We do recognize French's attempt to state an equal protection claim by alleging, in his opposition to the magistrate's report, that other inmates are allowed to sell products to the public. However, because this appeal is from the dismissal of a complaint, we cannot consider these belated allegations. *See Hurney v. Carver*, 602 F.2d 993, 996 (1st Cir. 1979); *Litton Industries, Inc. v. Colon*, 587 F.2d 70, 74 (1st Cir. 1978). Nor can we entertain new claims on appeal, *e. g.*, that Butterworth breached some unspecified duty under state or local law and violated the anti-trust laws. *See Falzarano v. United States*, 607 F.2d 506, 511 (1st Cir. 1979).

2. In *Garland v. Polley*, two prisoners alleged that their procedural due process rights were violated when their leather goods business was closed down without notice, reasons, or a hearing. 594 F.2d at 1221. The court noted that the prisoners did not contend that the Constitution itself established a liberty or property interest encompassing the right to operate a business inside a prison, *id.*, and rejected the prisoners' claim that the state had created such a protected interest by encouraging "hobby crafts" and acquiescing in their sale, *id. at* 1222. In *Valentine v. Gray*, a prisoner challenged restrictions on his use of the mails to conduct a business. 410 F.Supp. at 1395. The court concluded that "the Constitution does not protect an inmate's business activities, whether or not the mails are necessary for the conduct of the enterprise." *Id.* at 1396.

40 L.Ed.2d 224 (1974), the Supreme Court cited approvingly a Federal Bureau of Prisons Policy Statement that contained a prohibition against inmates conducting businesses. *See also Johnson v. Avery*, 393 U.S. 483, 490, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969) (jail-house lawyers may be prohibited from receiving compensation for their services). More generally, the Supreme Court has stated that "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). We see no basis for concluding that a prisoner retains an unrestricted right under the fourteenth amendment to operate a business.

We also reject French's contention that he and fellow inmates have a constitutionally protected interest in buying food as cheaply as possible. Although the wide support for French's proposal is understandable, there is simply no legal basis for a demand that inmates be offered items for purchase at or near cost. *United States ex rel. Wolfish v. Levi*, 439 F.Supp. 114, 134 (S.D.N.Y.1977), *appealed on other grds.*, 573 F.2d 118 (2d Cir. 1978), *rev'd sub nom. Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). *See also Owens-El v. Robinson*, 442 F.Supp. 1368 (W.D.Pa.1978).

For the above reasons, we conclude that French did not allege a violation of any federally protected right and uphold the dismissal of his complaint.

*Affirmed.*