996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Michael BYERS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-16477.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 18, 1993.
 
 MEMORANDUM**
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 Former federal prisoner Charles Michael Byers appeals pro se the district court's 28 U.S.C. § 1915(d) dismissal of his Bivens[1] action alleging that his civil rights were violated as a result of the Federal Bureau of Prisons' policy of prohibiting prisoners from operating a business. We review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm.
 
 
 2
 An in forma pauperis complaint may be dismissed sua sponte before service of process under section 1915(d) only if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989); McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325. Accordingly, the district court may dismiss a complaint that is based on a meritless legal theory, or factual contentions that are clearly baseless. Id.
 
 
 3
 Here, Byers contends that the Bureau of Prisons' "arbitrary and capricious policy of prohibiting prisoners from directing the operations of their legally formed and operating companies" caused the destruction of Byers's business in violation of his civil rights.
 
 
 4
 We have held, however, that prison officials may prohibit an inmate from engaging in general correspondence with outsiders to promote a business. Stroud v. Swope, 187 F.2d 850, 851 (9th Cir.), cert. denied, 342 U.S. 829 (1951); accord French v. Butterworth, 614 F.2d 23, 24 (1st Cir.) ("prisoner has no recognized right to conduct business while incarcerated"), cert. denied, 446 U.S. 942 (1980).
 
 
 5
 Accordingly, because Byers complaint lacks an arguable basis in law, the district court did not abuse its discretion by dismissing Byers's action pursuant to section 1915(d). See Neitzke, 490 U.S. at 325; Stroud, 187 F.2d at 851.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)