27 F.3d 572
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
MYSTERY BOY INCORPORATED; Eddie Risdal, Plaintiffs-Appellants,
v.
POSTAL SERVICE, (U.S.), sued as U.S. Post Office; Defendant,
Mary Piper; Crispus C. Nix; Paul Hedgepeth, Defendants-Appellees.
 No. 94-1431.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 22, 1994.
Filed: June 30, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mystery Boy, Inc., and Eddie Risdal appeal the district court's[1] entry of judgment in favor of defendants in this 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Mystery Boy, Inc., is a non-profit corporation under Iowa law, and Risdal is an inmate at the Iowa State Penitentiary (ISP) who incorporated Mystery Boy and serves as its president. In their amended complaint, they alleged that Mystery Boy's purpose was to "disseminate[ ] information about law reform on sexual abuse laws and alternative treatment." They alleged that Deputy Warden Paul Hedgepeth refused to allow Mystery Boy to operate within the prison, infringing upon its First Amendment rights, and that mail room supervisor Mary Piper refused to deliver mail addressed to Mystery Boy, infringing upon Risdal's First Amendment right to receive information. Plaintiffs also alleged that defendants denied them equal protection because other businesses were permitted to operate within the prison.
 
 
 3
 After a trial on the merits, the magistrate judge found that Risdal founded Mystery Boy "to encourage reform of sexual abuse laws, disseminate information to and educate the public on related issues, and exchange information on alternative treatment plans," and that "ISP regulations prohibit inmates from operating businesses while they are incarcerated[, but] other organizations are permitted to operate within ISP."[2] It was undisputed that mail addressed to Project Harmony and Kiddie Korner was delivered to inmates in charge of those organizations; mail addressed to Mystery Boy was seized or delayed. The magistrate judge also found that mail addressed to both Mystery Boy and Risdal was delivered to Risdal.
 
 
 4
 The magistrate judge concluded that the First Amendment claims failed because ISP had "a legitimate and neutral objective in requiring inmate mail to be specifically addressed to the actual inmate," and that ISP's regulation prohibiting inmates from operating a business within the prison was reasonable. The magistrate judge also concluded that plaintiffs' equal protection claim failed because Mystery Boy was not similar to Project Harmony and Kiddie Korner. This appeal followed.
 
 
 5
 We conclude that Mystery Boy is not a proper party to the appeal because it is not represented by counsel, and a corporation cannot appear pro se. See United States v. Van Stelton, 988 F.2d 70, 70 (8th Cir. 1993) (per curiam). We cannot review the magistrate judge's factual findings because Risdal, an experienced pro se litigant, failed to provide a trial transcript as required by Federal Rule of Appellate Procedure 10(b), or to request preparation of one at government expense. See Schmid v. United Bhd. of Carpenters & Joinders, 827 F.2d 384, 386 (8th Cir. 1987) (per curiam), cert. denied, 484 U.S. 1071 (1988).
 
 
 6
 Accepting the factual findings as true, we agree with the magistrate judge's conclusion as to Risdal's First Amendment claim, because ISP has a legitimate and neutral interest in avoiding a waste of prison resources in determining to whom improperly addressed mail should be delivered, and because Risdal can easily comply with the prison policy by requesting that all mail to Mystery Boy include his name in the address. See Smith v. Delo, 995 F.2d 827, 829 (8th Cir. 1993), cert. denied, 114 S. Ct. 710 (1994).
 
 
 7
 We also agree that Risdal's equal protection claim failed. Risdal has no constitutionally protected right to operate a business-even a not-for-profit corporation-while incarcerated. See French v. Butterworth, 614 F.2d 23, 24 (1st Cir.) ("prisoner has no recognized right to conduct a business while in prison"), cert. denied, 446 U.S. 942 (1980); Garland v. Polley, 594 F.2d 1220, 1221-22 (8th Cir. 1979). As a result, Risdal had to show that the treatment he received was "invidiously dissimilar from that accorded other inmates, with no rational basis existing for the difference in treatment." Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987). It is undisputed that Kiddie Korner and Project Harmony are unincorporated organizations formed under the guidance of prison officials for the betterment of life of all prisoners. Risdal, on the other hand, is attempting to operate a separate incorporated business under his own control for his own purposes. We conclude, therefore, that Risdal has not shown that prison officials' treatment of him was "invidiously dissimilar" to their treatment of other similarly situated inmates. Risdal's other arguments on appeal are meritless.
 
 
 8
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)
 
 
 [2]
 The magistrate judge noted that Project Harmony, a self-help group organized to promote racial harmony, sells greeting cards and uses the money raised to sponsor ISP events promoting racial harmony; Kiddie Korner, an organization of ISP inmates, sells candy to buy toys for the visiting room, sponsors inmates' events, and donates to charities outside the prison