59 F.3d 175
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jefferson MALLETTE, Plaintiff-Appellant,
v.
Joseph PENDERGRASS, et al., Defendants-Appellees.
 No. 94-35953.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 17, 1995.*
Decided June 21, 1995.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alaska state prisoner Jefferson A. Mallette appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. Sec. 1983 action. Mallette contends that prison officials violated his constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments, and the Contract clause, when they interfered with his business mail and denied him an opportunity to continue operating his paralegal business while incarcerated. We affirm.
 
 
 3
 We reject Mallette's contention that he has a constitutional right to conduct his paralegal business. Prison officials may prohibit an inmate from engaging in general correspondence with outsiders to promote a business. Stroud v. Swope, 187 F.2d 850, 851 (9th Cir.), cert. denied, 342 U.S. 829 (1951). Prisoners have no constitutional right to conduct a business while incarcerated. See id.; see also French v. Butterworth, 614 F.2d 23, 24 (1st Cir.) ("prisoner has no recognized right to conduct business while incarcerated"), cert. denied, 446 U.S. 942 (1980).
 
 
 4
 Alaska prison regulations nevertheless specifically allow for inmate businesses subject to approval of prison administrators. Mallette was granted permission to conduct his paralegal business at the Sixth Avenue Correctional Center. There is no indication that officials there interfered with Mallette's paralegal business after he was granted permission. This privilege was subject to restrictions, however, and did not transfer with Mallette to other correctional institutions.
 
 
 5
 We agree with the district court that defendants have established that the regulations at issue are reasonably related to legitimate penological objectives of the corrections system. See Turner v. Safley, 482 U.S. 78, 89 (1987). Mallette has failed to provide sufficient evidence to show that prison officials' application of this regulation deprived him of any constitutional rights or privileges.
 
 
 6
 In reaching our conclusions, it was not necessary for us to rely on various materials contested by both parties in their motions to strike. Accordingly, the motions are denied.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R. App. P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3