**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 25 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY LEE MCCALL,

      Plaintiff - Appellant,

v.

KEEFE SUPPLY COMPANY;
JOHNSON COUNTY SHERIFF'S
DEPARTMENT,

      Defendants - Appellees.

No. 03-3089
(D.C. No. 02-CV-3185-GTV)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

Plaintiff-Appellant Gregory Lee McCall, appearing pro se and in forma

pauperis, appeals from the district court's dismissal of his civil rights action and

denial of his motion for summary judgment against Keefe Supply Company and

the Johnson County Sheriff's Department. The district court construed Mr.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

McCall's complaint to claim that the alleged overpricing of commissary items inflicts cruel and unusual punishment in violation of the Eighth Amendment. The district court denied Mr. McCall's motion for summary judgment and dismissed the complaint for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A complaint filed pro se must be given a liberal construction. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Such a complaint also may be dismissed upon initial review if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e).

Mr. McCall's claim that his Eighth Amendment rights have been violated is without merit. We reject Mr. McCall's contention that he has a constitutionally protected interest in buying stamps as cheaply as possible, as "there is simply no legal basis for a demand that inmates be offered items for purchase at or near cost." French v. Butterworth, 614 F.2d 23, 25 (1st Cir. 1980); see also Wolff v.

McDonnell, 418 U.S. 539, 556 (1974) ("[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed."). Mr. McCall's claims that the prices of stamps "were outrageous and unfair" and "against the morals of society" similarly lack any detail or merit. R. Doc. 1 at 4.

Accordingly, we AFFIRM the dismissal of Mr. McCall's complaint for failure to state a claim upon which relief may be granted for substantially the same reasons given by the district court. As such, the district court's denial of Mr. McCall's summary judgment motion was proper. Mr. McCall is reminded that he remains obligated to make partial payments until the entire filing and appellate fees have been paid.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge