**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2431

STEVEN J. ROY,

Plaintiff, Appellant,

v.

PHIL STANLEY, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

Steven J. Roy on brief pro se.
Peter W. Heed, Attorney General, and Andrew B. Livernois,
Assistant Attorney General on brief for appellees.

October 1, 2004

**Per Curiam**.  Plaintiff Steven J. Roy appeals pro se from the district court's denial of his motion for a preliminary injunction on the ground that he had failed to demonstrate a likelihood of succeeding on the merits of his claims under 42 U.S.C. § 1983.  On appeal, Roy argues that the district court erred in denying preliminary injunctive relief as to his claims that the warden and other staff of the New Hampshire State Prison for Men ("NHSP"), where he is incarcerated, violated his First Amendment, Due Process and Equal Protection rights by cutting off his telephone communication with the software company which he ran before becoming incarcerated ("the Company").[1]

"The criteria for the grant of a preliminary injunction are the familiar four: likelihood of success, risk of irreparable harm, the balance of the equities and the public interest." Langlois v. Abington Housing Authority, 207 F.3d 43, 47 (1st Cir. 2000).  "Likelihood of success is the touchstone of the preliminary injunction inquiry." Philip Morris, Inc. v. Harshbarger, 159 F.3d 670, 674 (1st Cir. 1998).  The standard of review "depends upon the issue under consideration.  Generally speaking, pure issues of law (*e.g.*, the construction of a statute) are reviewed *de novo*,

---

[1] In his brief, Roy states that he is "withdraw[ing]" his appeal from the denial of preliminary injunctive relief as to his claim that he has been "blacklisted" from computer jobs in retaliation for his previous litigation against defendants.

2

findings of fact for clear error, and 'judgment calls' with considerable deference depending upon the issue." Id.

We agree with the district court that Roy has failed to show likelihood of success on the merits of any of the claims pursued in this appeal. In order to succeed on his § 1983 claims, Roy must show violation of a right secured by federal law. Fournier v. Reardon, 160 F.3d 754, 756 (1998). Roy appeals from the denial of preliminary injunctive relief as to his claims that the prison restriction on his telephone access violated his rights under the First Amendment, Due Process Clause, and the Equal Protection Clause.

I. First Amendment

Roy argues that the district court erred in denying preliminary injunctive relief on his claim that by cutting off telephone access to the Company and "others interested in receiving his intellectual property," defendants violated his First Amendment rights to free speech and free association. We agree with the district court's conclusion that "Roy's stated desire to engage in telephone communications for the purpose of generating revenue and goodwill for his outside business, and to independently license his intellectual property are not constitutionally-protected interests." Magistrate Judge's Report and Recommendation, 9/3/03, p. 34.

"Prisoners have no per se constitutional right to use a telephone." United States v. Footman, 215 F.3d 145, 155 (1st Cir. 2000); see also Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002) (characterizing First Amendment right as the right to communicate with persons outside prison walls and use of a telephone as merely one "means of exercising that right"); Pope v. Hightower, 101 F.3d 1382, 1385 (11th Cir. 1996) (characterizing First Amendment right at issue in challenge to telephone restrictions as the "right to communicate with family and friends"); Benzel v. Grammar, 869 F.2d 1105, 1108 (8th Cir. 1989) (stating that "[a] prisoner has no right to unlimited telephone use"). Moreover, "a prisoner has no recognized right to conduct a business while incarcerated." French v. Butterworth, 614 F.2d 23, 24 (1st Cir. 1980). Having failed to identify a First Amendment right on which the challenged restriction impinges, Roy has not demonstrated a likelihood that he would succeed on the merits of that claim.

II. Due Process

Roy appeals from the denial of a preliminary injunction on his second claim in his amended complaint, that the telephone restrictions deprived him of a liberty interest in "continuing to preserve his beneficial interest in [the Company]," without due process. Amended Complaint, ¶ 67. "[A] prisoner retains [no] unrestricted right under the fourteenth amendment to operate a

-4-

business." French, 614 F.2d at 25. The Supreme Court has held that "States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Roy has not demonstrated a likelihood of establishing that such a liberty interest has been created in this case. Roy has not shown that restrictions barring prisoners from running a business from prison are atypical, and "an inmate's subjective expectations are not dispositive of the liberty-interest analysis." Dominique v. Weld, 73 F.3d 1156, 1160 (1st Cir. 1996). Roy suggests that the fact that he had communicated with the Company by telephone for eight years prior to the imposed restriction establishes a liberty interest. However, a change to more restrictive (but not "atypical") conditions of confinement does not alone create a liberty interest. See id. (holding that prisoner's removal from work release program and transfer to medium security facility did not meet Sandin standard).[2]

---

[2] Roy also argues that an alleged settlement agreement entered into with defendants in 1995, following related litigation, created a liberty interest, but he fails to show a likelihood of succeeding on that claim. The district court found that, in the 1995 settlement, "NHSP allowed Roy to resume his telephone access to the Company and his business friends, but did not exempt him from its prohibition against inmates conducting business while incarcerated,

The district court, in declining to dismiss the second claim of the amended complaint for failure to state a claim, suggested that a prohibition on running a business which did not recognize "exceptions for occasional communications necessary to protect property legitimately acquired prior to incarceration," might be "atypical" under Sandin. However, we need not decide that issue because Roy does not challenge the telephone restrictions on that basis. Instead, he claims that preventing him from continuing on an ongoing basis to dictate software to the Company over the telephone deprives him of a liberty interest without due process. He has failed to show a likelihood of succeeding on the merits of that claim.

### III. Equal Protection Claim

Roy appeals from the district court's denial of preliminary injunctive relief on his claim that his equal protection rights were violated because the prison prohibits him from selling his intellectual property while allowing other inmates to sell their handmade products through the prison's "hobbycraft" program. Roy has not claimed to be part of a "suspect class." And, as discussed above, prisoners do not have a fundamental right either to telephone access or to conduct a business from prison.

_____

nor did NHSP agree to permit Roy to receive compensation for his communications." 9/3/03 Report and Recommendation, pp. 5 - 6. Roy has not shown that that finding was clearly erroneous.

> Since there is no suspect classification here involved, nor any deprivation of fundamental rights, the ordinary equal protection test is extremely deferential. The standard formula is that a non-suspect classification is unconstitutional only if no legitimate basis can be imagined to support it. And "support" means only that a legislature . . . could provide a rational basis for the choice.

Beauchamp v. Murphy, 37 F.3d 700, 707 (1st Cir. 1994).

We agree with the district court that "allow[ing] inmates to receive compensation for their works sold through an approved and prison-supervised program is readily distinguishable from Roy's desire to engage in unsupervised outside business activities." 9/3/03 Report and Recommendation, p. 20, n.5. Defendants' testimony at the first preliminary injunction hearing articulated a rationale for the rule that easily satisfies the "rational basis" test. See 1/14/03 Report and Recommendation, p. 8. Roy has failed to demonstrate a likelihood that he could prevail on the merits of his equal protection claim.

The district court's denial of preliminary injunctive relief is affirmed.