NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1136

ANTHONY BARRY

vs.

DEPARTMENT OF CORRECTION & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A Superior Court judge allowed the defendants' motion to dismiss the complaint filed by the plaintiff, Anthony Barry. While no separate judgment entered following the allowance of the motion, the order resolved all remaining claims, and the "notice of appeal designating the order resolving all remaining claims and the rights and liabilities of all remaining parties [is] treated as having designated a final judgment for purposes of the appeal." 2023 Reporters' Notes to Mass. R. A. P.

---

[1] Executive Office of Public Safety and Security; Carol Mici, individually and as the Commissioner of Correction; and Michael Rodrigues, individually and as Superintendent of MCI-Shirley.

3 (c) (1) (D), as appearing in 491 Mass. 1601 (2023).  We affirm.

In his amended complaint (dated December 31, 2023), Barry claimed that the defendants violated his State and Federal constitutional rights, State regulations, and contract rights, by increasing a fee that had been charged to inmates for telephone calls made from MCI-Shirley.[2]  The judge addressed each claim and dismissed the complaint.  "We review the allowance of a motion to dismiss de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor."  Harrington v. Costello, 467 Mass. 720, 724 (2014).

None of Barry's allegations in his complaint "plausibly allege an entitlement to relief" under any of the various legal bases cited (citation omitted).  Mackie v. Rouse-Weir, 495 Mass. 252, 259 (2025).  Contrary to Barry's claim that the fee constitutes an unlawful tax because the Commonwealth makes money from inmate phone calls, "the mere fact that a fee creates some revenue does not transform the fee into a tax."  Easthampton Sav. Bank v. Springfield, 470 Mass. 284, 298 n.10 (2014).  As to his claim that the fee is an unconstitutional "taking" of his

---

[2] Effective December 1, 2023, pursuant to G. L. c. 127, § 87A, as added by St. 2023, c. 64, § 1, inmates are no longer charged for telephone calls.

property, "user fees . . . do not constitute takings." Fitchburg Gas & Elec. Light Co. v. Department of Pub. Utils., 467 Mass. 768, 779-780 (2014), quoting Koontz v. St. Johns River Water Mgt. Dist., 570 U.S. 595, 615 (2013). Due process of law does not require telephone service to be available at or near cost. See French v. Butterworth, 614 F.2d 23, 25 (1st Cir. 1980) ("simply no legal basis for a demand that inmates be offered items for purchase at or near cost"). Barry has not alleged that the fee increase interfered with his ability to exercise his right to free expression, especially where "nontelephonic means" also enabled him to exercise that right. Cacicio v. Secretary of Pub. Safety, 422 Mass. 764, 771 (1996). To the extent Barry has raised a claim under the Massachusetts Civil Rights Act, he has not alleged facts constituting the necessary element of "threats, intimidation, or coercion." Currier v. National Bd. of Med. Examiners, 462 Mass. 1, 12 (2012). He cannot obtain relief under 103 Code Mass. Regs. § 482.01 (2017), which requires "reasonably priced telephone services," because that regulation also does not "confer any procedural or substantive rights or any private cause of action." Finally, as to his breach of contract claim, Barry has not alleged any facts that indicate the contract between the Department of Correction and the telephone vendor intended Barry to be a third-party beneficiary. See Machado v. System4, LLC,

3

471 Mass. 204, 209-210 (2015) (contract must display "clear intent to make a nonsignatory a third-party beneficiary").

Judgment affirmed.

By the Court (Singh,
D'Angelo & Hodgens, JJ.[3]),

*Paul Little*

Clerk

Entered:   July 30, 2025.

---

[3] The panelists are listed in order of seniority.